## SAM LAPOWSKI V. JAMES SMITH ET AL.

### No. 41.

**1. Deed as Escrow.** — A deed can not be delivered to the grantee as an escrow to take effect on a condition not appearing on its face.

**2. Deed—Surrender of as Revesting Title by Estoppel.** — A voluntary surrender or cancellation of a deed will not operate as a retransfer of the title; but the cases are conflicting as to whether such surrender or cancellation of an unregistered deed will estop the grantee and those subsequently claiming under him.

**3. Trespass to Try Title—Pleading in Avoidance by Plaintiff.** — In an action of trespass to try title, where the defendant pleads specially his title and asks affirmative relief, and plaintiff has matter in avoidance, the proof of it will not be admitted, and if admitted will not authorize a recovery by virtue thereof, in the absence of its being alleged in the plaintiff's pleadings.

APPEAL from Taylor. Tried below before Hon. T. H. CONNER.

*Cockrell & Cockrell* for appellant.— 1. The court erred in rendering a decree foreclosing the alleged mortgage in favor of J. B. Leavell, because the agreed statement of facts shows that said alleged mortgage was in fact a conditional sale, and the reconveyance of the property by J. B. Leavell to S. H. Leavell vested absolute title in the latter, and the title was in him at the time plaintiff bought at the two execution sales against S. H. Leavell. Ruffier v. Womack, 30 Texas, 332; Harvey v. Edens, 69 Texas, 420; Hubby v. Harris, 68 Texas, 92; Alstin v. Cundiff, 52 Texas, 453; Astugueville v. Loustaunau, 61 Texas, 233; Bisph. Prin. Eq., art. 154.

2. Whether the original deed from S. H. Leavell to J. B. Leavell was intended for a deed or mortgage, the effect of such deed and the subsequent warranty deed from J. B. back to S. H. Leavell was to vest in the latter the legal title to the premises in controversy; and the sale under execution against S. H. Leavell and purchase by plaintiff, after such reconveyance to S. H. Leavell, vested in plaintiff the legal title. McAlpine v. Burnett, 23 Texas, 651; Johnson v. Newman, 43 Texas, 642; Hart v. Rust, 46 Texas, 556; Stanley v. Epperson, 45 Texas, 645; Walker v. Renfro, 26 Texas, 142; Rogers v. Rogers, 40 Am. Rep., 756; Ordinary of New Jersey v. Thacher, 52 Am. Rep., 225; Dev. on Deeds, arts. 300–305.

*John Bowyer*, for appellees.— 1. When a transaction is once a mortgage, it is always a mortgage, unless its character is altered by subsequent agreement. Hart v. Eppstein, 71 Texas, 756, and cases cited.

2. The foreclosure of the mortgage was proper under the pleadings and the evidence. Loving v. Milliken, 59 Texas, 423; Hart v. Eppstein, 71 Texas, 756; Nye v. Gribble, 70 Texas, 458.

3. A mortgagee in possession can not be disturbed in his possession

until the mortgage debt is discharged. Loving v. Milliken, 59 Texas, 427; Hannay v. Thompson, 14 Texas, 142; Stiles v. Hill, 62 Texas, 429; Duke v. Reed, 64 Texas, 705.

STEPHENS, ASSOCIATE JUSTICE.—By this action appellant sought to recover of appellees lot 1, in block 13, in the city of Abilene. The petition was in the usual form of trespass to try title.

Appellee J. B. Leavell, one of the defendants below, after pleading the general denial, set up that S. H. Leavell, one of his codefendants, on the 30th of August, 1886, executed to him a deed to the property in controversey, which was intended to be a mortgage to secure a loan of $1000, and prayed to recover in this action the sum of money secured by said mortgage, with a foreclosure of the mortgage lien. No reply was filed by appellant to this answer and cross-action.

The cause was submitted to the court below without a jury upon an agreed statement of facts, which, so far as is important to be here set out, is as follows; the agreement being that the evidence would develop:

"1. That S. H. and S. K. Leavell conveyed lot 1, in block 13, in Abilene, Texas, to J. B. Leavell by deed dated August 30, 1886.

"2. That the said deed is an absolute warranty deed in form, but was intended by the parties as a mortgage to secure J. B. Leavell in the payment of a note for $1000, and interest.

"3. That in the fall of 1888, J. B. Leavell conveyed the said lot back to S. H. Leavell by deed of general warranty.

"4. That this deed was made with the verbal understanding that it was to enable S. H. Leavell to sell and convey as his own the said lot to Joseph Strickland, with whom he was negotiating a sale of all his property, including this lot, for a stock of hardware.

"5. That it was verbally agreed and understood between J. B. and S. H. Leavell, at the time of making the said deed and at the time said deed was put in the possession of said S. H. Leavell, that said deed was not to operate as a conveyance of a title to said S. H. Leavell, unless said sale to Strickland was consummated; and in the event S. H. Leavell should fail to make said sale, said deed was to be returned to J. B. Leavell. Plaintiff reserved the right to object to any evidence tending to modify or change the legal effect of this deed.

"6. That S. H. Leavell did fail to make said sale, and returned said deed in December, 1888, to J. B. Leavell.

"7. That S. Lapowski bought said lot at the execution sale on the —— day of ——, on a judgment rendered in the County Court of Taylor County, Texas, in the case of Mahoney & Evans v. S. & J. Lapowski, in which said S. & J. Lapowski recovered judgment over against S. H. Leavell. That at the time of said sale J. B. Leavell was in the possession of the property in controversy in this suit.

" 8. That the Fort Scott Foundry and Machine Works obtained a judgment against Leavell and Swan and S. H. Leavell in Justice Court, Precinct No. 1, Taylor County, on March 4, 1889. That at the time of sale said J. B. Leavell was in the possession of this property.

" 9. That this judgment was filed and recorded in the judgment record of Taylor County, March 21, 1889.

" 10. That lot 1, block 13, was levied on and sold under this said judgment on the —— day of May, 1889, at which sale S. Lapowski became the purchaser for the consideration of $20, and for which lot, under each of said execution sales, said S. Lapowski has proper deeds."

Then follows a statement of facts relating to the history of and the amount due upon the notes secured by the deed of the 30th of August, 1886, clearly showing the same to have been a security for a debt, in which is found the additional statement that at the date of said instrument said J. B. Leavell was put in possession of said property by S. H. Leavell, and has remained in possession ever since.

Upon this statement of facts the trial court concluded that the conveyance from S. H. to J. B. Leavell was a mortgage, and that, before appellant could deprive J. B. Leavell of the possession of the property, he would have to pay the amount secured by said mortgage, and entered judgment accordingly, foreclosing the mortgage lien in favor of J. B. Leavell, with the right adjudged to appellant of paying the same off and recovering the possession of the property, from which judgment this appeal is prosecuted.

The first and second assignments of error assert the proposition that the conveyance from S. H. to J. B. Leavell was not a mortgage; but under the agreed statement of facts we can not so construe it, as it was clearly given to secure a subsisting debt.

The remaining assignments assert, in different forms, the proposition that the conveyance from J. B. to S. H. Leavell, notwithstanding the verbal agreement and understanding to the contrary, took effect upon the delivery of the deed as an absolute conveyance of all the right and interest of J. B. Leavell in the property, whether as vendee or mortgagee, and that the subsequent return of said deed to him did not have the effect of reinstating his prior rights. It seems to be well settled, that a deed can not be delivered to the grantee as an escrow to take effect on a condition not appearing on its face. Heffron v. Cunningham, 76 Texas, 312; Lott v. Kaiser, 61 Texas, 665; Walker v. Renfro, 26 Texas, 142; And. Law Dic., 413; 6 Am. and Eng. Encyc. of Law, 858, and cases cited in note.

It is also held, that a voluntary surrender or cancellation of a deed will not operate as a retransfer of the title; but the cases are conflicting as to whether such voluntary surrender or cancellation of an unregistered deed

will estop the grantee and those subsequently claiming under him. Dev. on Deeds, secs. 303–305. We have not been cited to any case in this State in which this doctrine of estoppel is directly affirmed or denied.

In the case of Van Hook v. Simmons, 25 Texas Supplement, 324, it is held, that a parol agreement between the grantor and the grantee to destroy the deed of conveyance from the former to the latter, and to take back the land, would not destroy the effect of such conveyance and divest the estate of the latter, in the absence of proof of the actual destruction of the deed. It is expressly stated, in the opinion by Chief Justice Wheeler, that it was not necessary in that case to consider in what cases the cancellation of the deed would have effect and operate in the nature of a surrender to divest the estate.

In Stanley v. Epperson, 45 Texas, 654, in an opinion delivered by Moore, Associate Justice, this doctrine of estoppel was applied to a case where, by permission of all parties to the deed, the title was attempted to be conveyed from the grantee to a third party by an erasure of the grantee's name and the substitution of that of the third party. While the weight of authority seems to be against the doctrine, it is well settled in Massachusetts and a few other States; and in that opinion of Judge Moore the case of Commonwealth v. Dudley, 10 Massachusetts, 430, is referred to with approval. If, therefore, the rule governing the conveyance of title to land should be deemed applicable to the mere release of the lien (which we do not decide), we would be inclined to adopt the principle announced in Stanley v. Epperson as applicable here, and to hold, that S. H. Leavell would be estopped from recovering the possession of the property in controversy after the voluntary surrender of the deed; and that appellant would likewise be estopped, as he would occupy no better position than S. H. Leavell, all his right having been acquired subsequent to the surrender of said deed, without showing any facts that would entitle him to occupy a superior position by virtue of the rights of an execution creditor, secured without notice, or of a bona fide purchaser.

We are of the opinion, however, that a decision of this question is not essential to a proper determination of the issues involved in this appeal. Although the question was not raised in the court below, and is not raised here, still it is so obvious that we could not reverse and render a judgment for appellant on account of the deficiency in his pleading, that we must hold that no other judgment could properly have been rendered by the trial court than was rendered. His petition followed the statutory form in suits of this character, and contained nothing more. Appellee J. B. Leavell, by way of defense and cross-action, set up his debt and mortgage against S. H. Leavell and prayed a foreclosure, as he was bound to do in order to obtain that relief in this suit. Bosse v. Johnson, 73 Texas, 608. In answer to this, S. H. Leavell filed only a general denial, and appellant made no reply whatever. The case therefore comes clearly

within the rule, that in an action of trespass to try title, where the defendant pleads specially his title and asks for affirmative relief, and plaintiff has matter in avoidance, the proof of it will not be admitted, and if admitted, will not authorize a recovery by virtue thereof in the absence of its being alleged in his pleading. Paul v. Perez, 7 Texas, 344–346; Rivers v. Foote, 11 Texas, 670; McSween v. Yett, 60 Texas, 183.

The judgment will therefore be affirmed.

*Affirmed.*