W. T. LAMBERT ET AL. v. GEORGE McCLURE ET AL.

No. 866.

**1. Deed—Delivery—Oral Conditions.**

A deed without conditions therein takes effect on its delivery by the grantor to the grantee, without regard to an oral condition, agreed to by the grantee, that the deed should become null and void upon his failure to remove to the land within a specified time, and evidence of such agreement is inadmissible.

**2. Same—Delivery to One of Several Grantees.**

Where a deed conveys land to a married woman for life, then to become the property of her children, and in case she dies without children, her husband to have the use thereof during his life, a delivery of the deed to her is a sufficient delivery as to the husband and the children.

APPEAL from Johnson. Tried below before Hon. J. M. HALL.

*George D. Green,* for appellants.

*A. T. Plummer* and *A. P. Taylor,* for appellees.

FLY, ASSOCIATE JUSTICE.—George McClure, for himself, and as next friend to his minor children, Nola and Daisey, and his wife, Addie L. McClure, sued W. T. Lambert and wife, F. C. Lambert, to recover twenty-nine acres of land which had been conveyed by appellants to appellees. It was alleged in the petition that Addie L. McClure was a daughter of W. T. and F. C. Lambert, and that in the year 1889 they had made, executed and delivered to Addie McClure a deed to the land sued for, in consideration of their natural love and affection, subject to the limitation that the land was to belong to Addie McClure during her life, and at her death to become the property of her children, and in the event she died leaving no children, said George McClure should have the right of possession and use of the land so long as he might live thereon, but if he failed to live on the same, then the title to the land was to reinvest in appellants. That it was also stipulated in the deed that in case Addie McClure outlived her parents, the land should be considered an advancement to her as part of her interest in the estate. It was further alleged that the deed was not recorded, and in 1893, F. C. Lambert, the mother of Addie McClure, requested her daughter to show her the deed, and when handed to her, she destroyed the same. Appellants answered, admitting the execution and delivery of the deed to Addie McClure, but alleged that there was a condition in the deed that it was not to become effective unless the McClures removed from Arkansas to Texas within three months, and lived on the land, and that it was agreed by Addie McClure, at and before the delivery of the deed, that if she and her husband failed to comply with the condition, the deed should be null and void. That the deed was kept for a while by George and Addie McClure, and they then notified appellants that they would not accept the deed, and did not move on to the land as the condition in the deed required.

That portion of the answer setting up the verbal agreement upon the part of Mrs. McClure was, upon exception, stricken out. The cause was tried with a jury, and resulted in a verdict for appellees and a finding that the deed destroyed was in the terms described in the petition.

The statement of facts justify the following conclusions:

In 1889, Mrs. Addie McClure, who was at that time residing in Arkansas, made a visit to her parents, W. T. and F. C. Lambert, who resided in Johnson County, Texas. While there, the parents (appellants), in consideration of natural love and affection, executed, acknowledged and delivered to Mrs. Addie McClure a deed conveying to said Addie McClure the land in controversy during her life, and at her death to become the property of her children, and in case she died without children, her husband, George McClure, should have the right to the use and pos-

session of the land as long as he might live on the same, and upon his removal from the land, the title should reinvest in the grantors. The deed was accepted by the grantees, but was not recorded. In 1890, the McClures removed to Johnson County, Texas, being assisted in moving by W. T. Lambert. They lived in a house belonging to him. In 1893, Mrs. F. C. Lambert, the mother of Mrs. McClure, visited her and asked to see the deed executed by the Lamberts to the McClures, and, upon it being handed to her, she destroyed it. There was no condition in the deed as to removal of the grantees to Texas. Mrs. McClure had two minor children who joined in the suit.

The first assignment of error is not well taken. Any verbal agreement made by Mrs. McClure at the time and prior to the execution of the deed could not be considered. If there were no conditions expressed in the deed, when it was delivered to one of the grantees, it was an absolute delivery, whatever oral conditions may have been agreed to by the grantee in regard to it. Insurance Co. v. Clarke, 1 Texas Civ. App., 238; Railway v. Reese (Ala.), 5 So. Rep., 285; Tied. Real Prop., sec. 815.

If it should be the desire of a grantor that his deed should not take effect until some condition is performed, he should keep the deed himself, or leave it with some third person, a stranger to the transaction. If he delivers the deed to the grantee, it goes into effect at once, regardless of the performance of any condition not expressed in the deed, and testimony as to any such condition would not be admissible. Gilbert v. Insurance Co., 23 Wend., 43; People v. Bostwick, 32 N. Y., 445; Moss v. Riddle, 5 Cranch, 351; Fairbanks v. Metcalf, 8 Mass., 230; Cocks v. Barber, 49 N. Y., 110; Blewett v. Railway, 49 Fed. Rep., 126; Lawton v. Sager, 11 Barb., 349; 1 Devlin Deeds, sec. 314; Richmond v. Morford (Wash.), 30 Pac. Rep., 241.

The delivery of the deed to Mrs. McClure, one of the grantees, was a delivery to all under the facts in this case. 1 Dev. Deeds, sec. 499; Minor v. Powers (Tex. Civ. App.), 24 S. W. Rep., 710; Eshelman v. Vineyard Co. (Cal.), 36 Pac. Rep., 579.

The execution of the deed was admitted by appellants, the only ground of difference between them and appellees being on the question of whether the deed contained a condition that appellees should move from Arkansas and settle on the land within three months. On this point the evidence was conflicting, and the question was fairly presented by the charge of the jury. The verdict was against appellants, and we cannot say that it was not a proper one. It is urged by appellants that appellees admitted in their pleadings that the deed was conditioned upon the removal of appellees to Texas, but no such admission is found in the record. It is pleaded that the parents of Mrs. McClure told their daughter that they would give her forty acres of land if she would induce her husband to move to Texas, no time being mentioned, but it was not admitted that such a condition was in the deed. If it had been, it was fully complied with by the removal to Texas.

We have noticed all matters of importance which have been imperfectly presented to us in thirteen assignments of error, most of them loosely drawn and without a due regard for the rules.

The judgment is affirmed.

*Affirmed.*

Delivered February 26, 1896.