### JOHN T. McCLENDON AND WIFE v. JEFF BROCKETT ET AL.

Decided March 28, 1903.

**1.—Deed—Delivery—Parol Conditions.**

Where a deed absolute on its face is delivered by the grantor to the grantee with a parol condition or trust that it shall not take effect until the grantor's death, and then only on the grantee's execution of notes to third persons, such condition is void and the delivery is an absolute one, vesting the title. The case would be different if the delivery was made to a third person in escrow, but a grantee can not act in that capacity.

**2.—Same—Grantor Reclaiming Deed.**

The recovery back of the deed by the grantor after such delivery to the grantee, even though it was with the latter's consent, did not affect the title of the grantee, or reinvest title in the grantor.

Appeal from the District Court of Hill. Tried below before Hon. W. Poindexter.

*Jordan, Collins & Walker,* for appellants.

*Wear, Morrow & Smithdeal,* for appellees.

TEMPLETON, ASSOCIATE JUSTICE.—This suit was brought on June 19, 1902, by Mrs. M. C. McClendon, joined by her husband, against the tenant and heirs of E. G. Tipton, deceased, to recover a tract of land situated in Hill County and to cancel the deed under which the defendants claimed. When the evidence had been adduced the court instructed the jury to return a verdict for the defendants. The plaintiffs have appealed from the judgment entered on such verdict.

The land in controversy was owned by Mrs. Rebecca J. Tipton. On March 24, 1884, she deeded the land to her son, E. G. Tipton. The deed was in the usual form, contained general covenants of warranty, and recited a cash consideration of $1800 paid. On its face, the deed was without condition of any kind. E. G. Tipton died intestate on March 19, 1902. Three days thereafter, Mrs. Rebecca Tipton made, executed and delivered to her daughter, Mrs. M. C. McClendon, a general warranty deed to said land, which was filed for record on March 24, 1902. The deed to E. G. Tipton was not filed for record until March 26, 1902. Mrs. Rebecca Tipton, who is still living, testified by deposition, that she was 87 years old; resided in Itasca, Hill County, Texas. That E. G. Tipton was her son, and that on March 24, 1884, she lived on her farm five miles northwest of Itasca, and that E. G. Tipton, Mrs. M. C. Doyle and C. R. Tipton lived with her; that she was the same Rebecca J. Tipton who made the deed dated March 24, 1884, purporting to convey the land in controversy to E. G. Tipton, and said that in order to dispose of her land "among my heirs, I gave my son a deed to it to take effect after my death, provided he executed notes to my different heirs, payable after my death, to the amount of $1500, I having given him a $300 interest in the $1800 consideration. The deed was not to take effect until after my death, and not then unless the notes were executed and paid or satisfied. The deed was then placed in E. G. Tipton's hands for safekeeping, or in trust until my death. It was further agreed that I was to have rents off the land until my death, and E. G. Tipton paid me rents during his lifetime. I had no interest in the notes to be signed, and they were not to draw interest. The consideration of $1800 was the amount I paid for the land. The notes were never signed, and there was nothing paid by E. G. Tipton or anyone else of the $1800 consideration for the land. I placed said deed in the hands of E. G. Tipton to keep until my death. My instruction was that he keep the deed in trust, and not file it for record until after my death. E. G. Tipton died the 19th day of March, 1902, and left surviving him his wife, Agnes Tipton, and three children—Myrta Tipton, about 14 years of age; Allen Tipton, about 13 years old, and Bessie Tipton, about 10 years old. I have rendered the land for taxes since 1884, and taxes were paid for me out of my rents off the land. I have received rents from E. G. Tipton since 1885. It was paid in money. I did not authorize anyone to file the deed for record, executed by me to E. G. Tipton, dated March 24, 1884, at any time, and it was filed without my consent. E. G. Tipton never paid me the $1800 mentioned in said deed, dated March 24, 1884, or any part of same, but he was to pay my heirs all of said $1800, less the $300 I gave him."

Cross-examined, Mrs. Rebecca J. Tipton said her memory was not as active and clear as it was when she was young, but in matters of considerable importance and involving considerable interests and in which she had taken part, she thought it was very clear. In answer to the

following question, viz., "If you have stated that you placed the deed inquired about in the possession of some one to keep until your death, then state where and under what circumstances you got possession of said deed, when it was that you delivered the same to the third party, and who the third person was," she said: "Somewhere about one or two years after I had given the deed to my son E. G. Tipton for safe keeping, some time after I had taken the deed to my son, E. G. Tipton, and I agreed that J. C. Tipton should hold the deed until my death, and it was to be delivered by J. C. Tipton to E. G. Tipton when the notes were paid or satisfied. I gave the deed to J. C. Tipton to hold in trust until death." In answer to the fourth interrogatory, in which said witness was asked if it was not a fact that at the time she delivered the deed to the third person, it had been executed several years prior to the time she got it, and if it was not a fact that she got it out of the trunk of E. G. Tipton, or out of some place where he had deposited it, and she said that some time about two or three years she took the deed out of E. G. Tipton's trunk. She stated that after she signed the deed she gave it to E. G. Tipton to keep, as already explained by her. She further stated that she executed the deed to her daughter, Mrs. M. C. McClendon, after she executed the deed to E. G. Tipton, and after his death."

Mrs. McClendon bases her right to recover upon the theory that the testimony of Mrs. Tipton shows that there was not such delivery of the deed to E. G. Tipton as would give effect to the deed as a conveyance, and for that reason the said deed was and is a nullity. She does not claim as an innocent purchaser, and this appeal turns upon the correctness of her contention that the deed to E. G. Tipton was never delivered in such manner as to make the same operative as a covneyance.

The deed was, on its face, sufficient to convey, absolutely and unconditionally, the land in controversy, and to vest in the grantee the present title thereto. The grantor, with full knowledge of the terms of the deed, voluntarily placed the same in the actual possession and under the manual control of the grantee. These facts are undisputed, but appellants insist that the delivery was not effectual because it was not the intention of the grantor that the deed should become operative as a conveyance until her death. The rule contended for by appellants was recognized and applied by our Supreme Court in Steffian v. Bank, 69 Texas, 513. In that case Steffian had deeded certain lands to Hunt. The deed was not to be delivered until the grantee had paid the purchase money. Before all of the purchase money was paid, the grantee induced the grantor to place the deed in his possession upon the representation that he wanted the same for the purpose of copying the field notes of the land. It was held that there was no such delivery as would give effect to the deed as a conveyance. And it has been held that a delivery of a deed for inspection, or the leaving of a deed with the grantee under an agreement that he should transmit the same to a third person with whom it should remain until the occurrence of a specified

event, will not constitute a valid delivery. 1 Devlin on Deeds, sec. 271. But the rule is applicable only where the deed has been deposited with the grantee or handed to him for some purpose other than as the deed of the grantor. If the grantor places the deed in the hands of the grantee, except for some special purpose, the law conclusively presumes that he intended the deed to become operative as a conveyance, and the delivery is complete and valid. The evidence in this case does not indicate the existence of such special purpose. According to the testimony of Mrs. Tipton, she delivered the deed to the grantee with the understanding that the same should not take effect until her death, and not then unless he paid the agreed amounts to her other heirs. This condition was not expressed in the deed, and can not be shown by parol evidence. Lott v. Kaiser, 61 Texas, 665; Lambert v. McClure, 12 Texas Civ. App., 577, 34 S. W. Rep., 974; Insurance Co. v. Clark, 1 Texas Civ. App., 238, 21 S. W. Rep., 277. The deed in question was delivered upon condition, but it was delivered as the deed of the grantor, and not for some special purpose, as was the case in the instances cited above where it was held that there was no delivery.

True, Mrs. Tipton testified that the deed was deposited with the grantee in trust, or for safe keeping, but the grantee was not a proper depositary for such purpose. If a deed is to be held in escrow, a stranger must be selected as custodian; the grantee can not act in that capacity. 1 Devlin on Deeds, sec. 314. A delivery made to a third person conditioned on the performance of an act or the happening of an event, whereupon it is to be delivered to the grantee, is called an escrow. 1 Devlin on Deeds, sec. 312. So, the instrument in question must be held to have been delivered as a deed, and not as an escrow. It took effect as a conveyance, according to its terms, or it was a nullity. It is uncontroverted that the deed was intended to take effect on the happening of a particular event and on the performance of a certain condition. It is clear that if the grantee agreed to hold the deed in trust, it was to await the happening of the event and to secure the performance of the condition. Such holding would make the deed an escrow, if the delivery was to a stranger, but the deed could not be held by the grantee upon such terms. When the deed was delivered to the grantee, his holding was unconditional, and parol evidence is not admissible to show that he accepted the deed to be held by him in trust until his mother died and he had paid to her other heirs the sums of money he had agreed to pay. It is beyond controversy that the deed was actually delivered to the grantee, and it can not be doubted that it was delivered as the deed of the grantor. There is not a scintilla of evidence tending to show that the grantor reserved any right of dominion over the deed, or that she retained the power to recall it. No other delivery than that which took place when the deed was handed to the grantee was contemplated. There is no delivery, in a legal sense, unless the grantor places the deed in the hands or under the control of the grantee with the intention that the same shall become operative as a conveyance, and the

question as to whether such intention existed is one of fact. But when it, has been shown that the deed was so placed, it will be conclusively presumed that such intention existed, unless there is evidence tending to show that the instrument was handed to the grantee for some special purpose, and not as the deed of the grantor. There is no such evidence in the present case, and the trial court was therefore justified in giving the peremptory instruction.

It is immaterial, at least under the pleadings in this case, whether the grantee agreed not to place the deed on record until after the death of the grantor, and whether the grantor thought that the deed would not become operative until it was recorded. 1 Devlin on Deeds, sec. 300. And the authority just cited establishes the further proposition that the recovery of the deed by the grantor, even if it was with the consent of the grantee, did not affect the title of the grantee or reinvest the title in the grantor. See, also, Van Hook v. Simmons, 25 Texas Supp., 323; Sanborn v. Murphy, 86 Texas, 443.

Appellants have not attempted to show accident, mistake or fraud either in the making or the delivery of the deed in question. The evidence offered and relied on by them does not tend to show that there was no delivery, but tends simply to show that the delivery was upon conditions not expressed in the deed. The legal effect of the deed can not be changed by proof of such conditions, and appellants have failed to establish their right to recover. The title to the land in controversy is vested in the heirs of E. G. Tipton. It would seem that the parties to whom E. G. Tipton agreed to pay the sum of $1500, in part consideration for the deed made to him by his mother, will be entitled, upon the death of Mrs. Rebecca Tipton, to subject the land in controversy to the payment of the said claims, but that is a question not involved on this appeal, and which need not be determined in this proceeding.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.