**HOLT v. GORDON.** (No. 7167.)

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 27, 1912. Rehearing Denied May 1, 1915.)

1. EVIDENCE ⬤➾444 — PAROL EVIDENCE AFFECTING WRITINGS—CONDITIONAL DELIVERY —DEEDS AND NOTES.

In an action on notes given for the purchase price of land to foreclose the vendor's lien, parol evidence is inadmissible to show a previous oral agreement between the parties that the transaction should become effective only on the happening of a condition; since the rule that parol proof is inadmissible to show that a deed to land absolute in form was delivered under a parol agreement that it should become effective only on conditions inconsistent with its terms governs in such a case, rather than the rule that parol evidence is admissible to show that a note was never delivered, in fact, as a present contract.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1929–1944, 2049; Dec. Dig. ⬤➾ 444.]

2. DEEDS ⬤➾70—VALIDITY—MISREPRESENTATION—OPINION AS TO LAW.

A misrepresentation by the grantee's attorney to the grantor that the property covered by a deed of trust was a homestead, and therefore the trust deed was unenforceable, when the grantor had no knowledge of the law, was unable to read the deed, and relied on the assurance, although a misrepresentation of opinion as to the legal effect of the deed of trust, is sufficient to avoid that deed for fraud.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 165–182; Dec. Dig. ⬤➾70.]

Appeal from District Court, Erath County; W. J. Oxford, Judge.

Action by R. T. Holt against F. J. Gordon. Judgment for the defendant, and plaintiff appeals. Reversed and remanded on rehearing granted on appellant's motion, and appellee's motion for rehearing denied.

See, also, 174 S. W. 1097.

J. C. George, of Brownsville, and J. A. Johnson, of Stephenville, for appellant. J. B. Keith, of Stephenville, for appellee.

DUNKLIN, J. R. T. Holt executed a deed in favor of F. J. Gordon purporting to convey 60 acres of land. The deed recited a total consideration of $2,800, of which amount $1,300 was recited as cash paid, but which was not paid, and the balance was evidenced by two promissory notes for $750 each. At the time the deed was delivered to Gordon he executed and delivered to Holt the two notes for $750 each. September 28, 1906, was the date of this transaction between Holt and Gordon, and at that time Gordon owned another tract of 212 acres, which was the homestead of himself and family. On November 1, 1906, Gordon executed his promissory note for $1,300 in favor of Holt to cover the item in that amount recited in the deed as cash paid, and at the same time executed a deed of trust on the 212-acre tract to secure its payment.

Holt instituted this suit to recover the amount of all three of the notes mentioned, and to foreclose his vendor's lien on the 60-acre tract described in the deed to Gordon, and also the lien evidenced by the deed of trust upon the other tract, and from a judgment in favor of Gordon, the plaintiff has appealed.

By special answer to plaintiff's petition Gordon alleged that prior to the execution of the deed by Holt the 212-acre tract was the homestead of himself and family; he desired to purchase another home nearer the town of Bluffdale, in order that he might educate his children; the 60-acre tract referred to above was such a location as the defendant desired, and plaintiff was offering to sell it, but the defendant had no money with which to make the purchase; plaintiff was conversant with all of these facts, and entered into a parol agreement with the defendant by the terms of which plaintiff would execute the deed to the 60 acres in the form it was executed; the defendant would execute his two notes in favor of the plaintiff for $750 each; defendant would then move upon the 60-acre tract, and thus

make it appear that he had abandoned his homestead claim upon the 212-acre tract; thereafter defendant would procure a loan upon the 212-acre tract, and with the funds thus realized would pay to the plaintiff the $1,300 recited in the deed as a cash consideration. The defendant further alleged that prior to and at the time the deed and notes were executed it was further agreed in parol by and between him and the plaintiff that none of the instruments so executed and delivered would become operative and binding upon the respective makers unless defendant should succeed in procuring a loan upon the 212-acre tract after he had moved therefrom; defendant did move upon the 60-acre tract, but thereafter was unable to procure a loan upon the 212-acre tract, whereupon he abandoned the 60-acre tract, and removed to the 212-acre tract; after removing to the 212-acre tract, he tendered back to the plaintiff the 60-acre tract, and in his answer he tendered title to the same to the plaintiff with the prayer that the same be decreed in the plaintiff. By reason of the facts so pleaded the defendant alleged that neither the deed, nor the notes, nor the deed of trust, ever became operative, and therefore were without any legal force or effect. Gordon did not plead fraud, accident, or mistake in the execution of any of the instruments, excepting a plea of fraud in the procurement of the deed of trust, as hereinafter shown.

[1] Plaintiff objected to testimony which was offered upon the trial in support of the allegations in the answer noted above, and those objections were overruled. Those rulings, and also the charge of the court submitting that defense to the jury are assigned as error. The proposition presented by the objections urged to that testimony, and by the assignment predicated upon the charge, is that defendant sought to vary the terms of the written instruments without any plea of fraud, accident, or mistake as a basis therefor, by evidence of parol agreement between the parties prior to, and contemporaneous with, the execution of those instruments, and to permit him to do so would be in violation of the rules of evidence. In Encyc. of Evidence, vol. 9, p. 353, the following is said:

"Parol evidence is admissible which tends to show that an instrument was never, in fact, delivered as a present contract, unconditionally binding according to its terms from the time of delivery, but that it was delivered to become an absolute obligation upon the happening of a certain event or contingency, and that such event or contingency has never occurred. Such evidence does not contradict or vary the terms of the writing, but tends to show that the instrument has never had any legal inception rendering it valid and binding as between the parties."

This announcement of the law is well sustained by numerous decisions cited in the text referred to, notably the case of Burke v. Du Laney, 153 U. S. 228, 14 Sup. Ct. 816, 38 L. Ed. 698. And this rule is the basis of many decisions of our own courts, in effect, that one who signs and delivers a written obligation as a surety with the understanding between himself and the payee that he is not to be bound thereby unless another surety is procured, and no other surety signs the obligation, cannot be held liable thereon to the payee. Loving v. Dixon, 56 Tex. 75; Carleton v. Cowart, 45 S. W. 749; Large v. Parker, 56 S. W. 587.

The foregoing rule is applicable in suits upon promissory notes and bills of exchange. But, according to another rule of evidence equally as well settled, in the absence of fraud, accident, or mistake, parol proof is not admissible to show that a deed to real estate absolute in form, which has been delivered to the grantee, was delivered in escrow only, under a parol agreement between the parties that it should not become operative except upon certain conditions which are inconsistent with the terms of the deed. Heffron v. Cunningham, 76 Tex. 312, 13 S. W. 259; Faires v. Cockerell, 88 Tex. 428, 31 S. W. 190, 639, 28 L. R. A. 528; McClendon v. Brockett, 32 Tex. Civ. App. 150, 73 S. W. 854; Lapowski v. Smith, 1 Tex. Civ. App. 391, 20 S. W. 957; 3 Wash. Real Prop. § 584; Tiedeman on Real Property, § 815; 13 Cyc. 564. And the same rule applies to deeds of trust on land. Heffron v. Cunningham, 76 Tex. 312, 13 S. W. 259; East Tex. Fire Ins. Co. v. Clarke, 1 Tex. Civ. App. 238, 21 S. W. 277.

As indicated already, the primary purpose of this suit was to collect the amount due upon the promissory notes executed by Gordon. The foreclosure sought was to satisfy the debt from the proceeds of the sale of the land, and was, therefore, ancillary only to the collection of the debt. In the absence of any lien on the land, the defense urged would have been available as against the suit on the notes, under the rule of evidence first announced. Effect cannot be given to both those rules, and one must govern to the exclusion of the other.

In our opinion on a former hearing we held that the rule first referred to was applicable, and upon that conclusion affirmed the judgment. We are now convinced that we were in error in reaching that conclusion, that the rule of evidence last stated should control, and hence our former opinion will be withdrawn.

The deed to Gordon and the vendor's lien notes executed by him at the time the deed was delivered constituted but one transaction, and, as the deed was of superior solemnity to the notes, preference should be given to the rule applicable to deeds. For the same reason the legal effect of the deed of trust could not be varied by proof of parol agreements having a contrary effect. From the foregoing conclusions it follows that there was error in admitting testimony offered by Gordon to prove the alleged parol agreements to and contemporaneously with the execution of the deed and vendor's lien notes, and that

the court erred also in submitting in the charge to the jury such agreements as a defense to plaintiff's demand for a personal judgment upon all the notes and for foreclosure of the vendor's lien upon the land described in the deed from Holt to Gordon and the deed of trust on the other tract.

[2] According to other allegations in defendant's answer, he was induced to execute the deed of trust by reason of fraudulent misrepresentations made by Holt, the allegation setting out such misrepresentations reading:

"He told the defendant that he had consulted Lee Riddle about it, who was a good lawyer, and that it would be the best way to secure a loan on the 212 acres of land; that he wanted the defendant to sign it so as to cover up the clause in the deed, dated September 28, 1906, which falsely recited a cash consideration of $1,300 cash paid. Plaintiff further told the defendant that said deed of trust would not amount to anything, that it was on his homestead, and that Lee Riddle had advised him that it was invalid, and that it could not be enforced."

Gordon further alleged that he was unlearned in the law; that the deed of trust was prepared by Holt's attorney; that Holt brought same to him for his signature; he did not have his glasses at the time he signed the deed of trust, and without them he could not read, and did not read, the instrument; signed it without knowing its contents or its legal effect, relying upon the truth of those representations. While the alleged representations that the property was Gordon's homestead, and therefore the deed of trust was invalid and unenforceable, were but the expressions of opinions concerning the legal effect of the deed of trust, yet we are of the opinion that they furnished a sufficient predicate for Gordon's plea that the deed of trust was vitiated on account of fraud practiced by Holt. The case of Ramey v. Allison, 64 Tex. 697, was a suit in trespass to try title to recover land instituted by Ramey against Mrs. Allison, a widow. Plaintiff claimed title under a deed by the trustee named in a deed of trust executed by Mrs. Allison. The defendant in that suit filed a cross-action to cancel the deed, on the ground that her execution of the deed of trust was procured by fraud, and upon the trial this plea was sustained, and a judgment rendered in favor of Mrs. Allison was affirmed by our Supreme Court. The alleged fraud was that the attorney for the beneficiary named in the deed of trust, in order to procure her signature thereto, told Mrs. Allison, who was not experienced in business affairs, that the property covered by the deed of trust was her homestead and could not be affected by the deed of trust; that he was not only a lawyer, and therefore capable of determining a legal matter of that kind, but represented the beneficiaries, who would be bound by his representations; that he desired the deed of trust as a mere matter of form; and that she

need have no fear of losing her property by the execution of the instrument. In the opinion rendered in that case the following is quoted with approval from Kerr on Fraud and Mistake:

"A misrepresentation of a matter of law does not constitute fraud at law, because the law is presumed to be equally within the knowledge of all the parties. Thus the misrepresentation of the legal effects of a written agreement which a party signs with a full knowledge of its contents is not a sufficient ground at law for avoiding the agreement. But if a man dealing with another misleads him, and takes advantage of his ignorance respecting his legal position and rights, though there may be no legal fraud, the case may come within the jurisdiction exercised by courts of equity to prevent imposition."

The cases of Lott v. Kaiser, 61 Tex. 671, Varner v. Carson, 59 Tex. 306, and West v. West, 9 Tex. Civ. App. 475, 29 S. W. 242, and 2 Pom. Eq. Jur. §§ 847, 849, announce substantially the same doctrine. Accordingly, the assignments of error in which the contention is made that there was error in overruling Holt's special exception to the plea of fraud in the procurement of the execution of the deed of trust, in admitting evidence in support of that plea, and in submitting that as a defense to plaintiff's demand for a foreclosure of that lien, are all overruled.

For the reasons noted, appellant's motion for rehearing is granted, and the judgment is reversed, and the cause remanded.

---

⬦⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes