MANTON v. CITY OF SAN ANTONIO.
(No. 6091.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 27, 1918. Rehearing Denied Jan. 8, 1919.)

1. INJUNCTION ⬥⟹119 — ANSWER — GENERAL DENIAL.

Where an answer in an injunction proceeding contained a general denial pursuant to Rev. St. art. 4663, allowing a defendant in injunction proceedings to answer as in other civil actions, a demurrer to the answer must be overruled.

2. ESCROWS ⬥⟹3—DEPOSITARIES.

A deed cannot be delivered to the grantee as an escrow, and if delivered to him it becomes an operative deed, freed from any condition not expressed in the deed itself.

3. ESCROWS ⬥⟹9—CONDITIONS.

Where a deed was delivered in escrow, on condition that it should not be effective until certain acts were performed by the grantee, such condition was a condition precedent to the taking effect of the grant.

4. DEEDS ⬥⟹162 — CONDITIONS — CONDITION SUBSEQUENT.

A substantial compliance with the terms of a condition subsequent will satisfy the law and prevent a forfeiture of title.

5. DEEDS ⬥⟹155—CONDITIONS — CONDITIONS SUBSEQUENT.

The general rule is that where a deed is to take effect on the performance of a condition by the grantee, and the grant is without other consideration, no title will pass until the condition is performed; but where other conditions have been performed, and especially where full value has been paid, the condition will be considered a condition subsequent.

6. ESCROWS ⬥⟹9—CONDITIONS SUBSEQUENT—PERFORMANCE.

Where a landowner who conveyed property to a city for a street, and received a valuable consideration, insisted that the deed should be held in escrow until the city widened a certain street according to its agreement, held that, as the failure of the city to widen the street within the time limit fixed did not injure the grantor or his property, such failure did not prevent the passage of title, for the condition should be treated as a condition subsequent.

7. APPEAL AND ERROR ⬥⟹544(1)—REVIEW—BILL OF EXCEPTIONS.

Where no bill of exceptions was reserved to the admission of testimony, an assignment complaining of such testimony must be overruled.

8. APPEAL AND ERROR ⬥⟹1050(1)—REVIEW—HARMLESS ERROR.

Where similar testimony was admitted without objection, an assignment complaining of the admission of testimony must be overruled.

9. EVIDENCE ⬥⟹419(2)—PAROL—CONSIDERATION.

Where a deed recited that the consideration was $1 and other considerations, parol evidence is admissible to establish the true consideration.

Error from District Court, Bexar County; J. T. Sluder, Judge.

Action by H. D. Manton against the City of San Antonio. There was a judgment for defendant, and plaintiff brings error. Affirmed.

J. F. Carl, P. H. Swearingen, Jr., and George G. Clifton, all of San Antonio, for plaintiff in error.

R. J. McMillan, of San Antonio, and J. D. Dodson, of Laredo, for defendant in error.

FLY, C. J. This is a suit instituted by plaintiff in error to restrain defendant in error from entering upon and constructing a street upon his land on West Travis street, in the city of San Antonio, Tex., being 15 feet off the south end of his land conveyed to him by Henry Laager and Mrs. Augusta Weinert. The court granted a temporary injunction, which was continued in force by agreement until the final hearing, on October 13, 1917, when it was dissolved, and a permanent writ of injunction denied, and the land was decreed to defendant for street purposes.

It was answered by defendant that the property was taken by it, for the use of the state, at and before the filing of the original petition; that it was taken after adequate compensation had been tendered to and accepted by plaintiff, and was appropriated for a public street; that a deed was executed by plaintiff to defendant conveying the land in controversy, containing this provision:

"This deed is given, however, subject to the condition that Obraje or Travis street, between North Flores street and Main avenue, will be widened within two years from the date hereof; otherwise title to revert to the grantor herein."

It was further alleged that the provision was a condition subsequent, and was substantially complied with, time not being of the essence of the contract, and that the street was widened within three or four months after the expiration of the two-year period; that plaintiff was estopped to set up

the condition in the deed because he had acquiesced in the work of widening the street, and made no claim for any damages on account of the street not having been sooner widened. A general demurrer was urged to the answer, and its overruling is made the subject of the first assignment of error. ·

It was further alleged in the answer "that on or about the 4th day·of March, 1914, the plaintiff, H. D. Manton, executed and delivered in escrow, to the city of San Antonio, a certain deed conveying all his right, title, and interest in and to an easement for public street purposes in and to the strip of ground described in plaintiff's petitions"; and, further, "that the plaintiff did not intend that said condition in such escrow deed should present time as the essence of said contract of conveyance." There was also a general denial of the allegations of the petition.

[1] The first assignment of error assails the action of the court in overruling a general demurrer to the answer. The assignment is overruled. In article 4663, Revised Statutes, it is provided that a defendant in an injunction proceeding may answer as in other civil actions, and it is the undoubted rule that, where the answer in an injunction case contains a general denial, it is not subject to attack through a general demurrer. This is the rule as well in any other civil action. Bedwell v. Thompson, 25 Tex. Supp..245; Oliphant v. Markham, 79 Tex. 543, 15 S. W. 569, 23 Am. St. Rep. 363; Murphy v. Smith, 38 Tex. Civ. App. 50, 84 S. W. 679.

[2, 3] The undisputed evidence in this case shows that a deed was executed by plaintiff to defendant conveying to him the land, but followed by the proviso or condition hereinbefore copied, and, after being acknowledged by plaintiff, was delivered by him to an agent of defendant, with the request that it be placed in escrow with a certain bank. If the agent had kept the deed and failed and refused to place it in escrow, it would have evidenced the transfer of the title to defendant with a condition subsequent attached. If, however, the agent delivered the deed to the bank it would not constitute a delivery of the deed to defendant, and the deed would be in escrow; and, if the sole consideration was the widening of the street, it would be subject to a condition precedent to its delivery. In the first instance the title would be vested in the grantee subject to a condition subsequently to be performed; in the second, the deed would be in escrow, to be delivered when the delivery was preceded by the performance of a certain condition, unless there were other considerations for the execution of the deed.

There is no exception to the rule that a deed cannot be delivered to the grantee as an escrow, but if delivered to him it becomes an operative deed, freed from any condition not expressed in the deed. itself. Dev.

Real Est. § 314; Insurance Co. v. Clarke, 1 Tex. Civ. App. 238, 21 S. W. 277. The seeming exception, as said in the case cited, is really not one; for when placed in the hands of the grantee to be deposited with a third party there is no delivery. It has, however, been held, as hereinbefore stated, that if the grantee violates the agreement and retains the deed it will not be in escrow. Dev. Real Est. § 317; Fairbanks v. Metcalf, 8 Mass. 230.

In this case the deed was placed by the agent of defendant in the possession of a bank, and at once became an escrow deed, and would become absolute only when the condition was performed by the grantee. The evidence does not show any attempt to alter, add to, or vary the written condition, if such evidence had been permissible, but it was delivered to the bank under the terms of the deed alone.

[4, 5] If there had been no delivery of the deed to the bank to be held as an escrow, the law as to conditions subsequent would undoubtedly be applicable, and a substantial compliance with the terms of the condition would satisfy the law and prevent a forfeiture of the title. The law, much less equity, does not favor forfeitures, but, in the case of conditions precedent, it will not permit the title to pass until the condition is performed. Conditions subsequent are strictly scrutinized and rigidly construed. In cases of conditions precedent, however, it is ordinarily the case that the purchase money has not been paid and no title vested, and this is especially the case in connection with conditions precedent which are usually contained in escrow deeds.

The general rule is that if the grant is without other consideration than the performance of the specified precedent, and the converse of this proposition must be just and beneficent, and where there have been other considerations performed, and especially where full value has been paid, the condition will not be considered a condition precedent, but will have applied to it the rules applicable to conditions subsequent. R. C. Law, § 156, p. 1098; Brennan v. Brennan, 102 Am. St. Rep. 368, note f. In the cases cited by plaintiff the lands were donated on consideration that certain improvements should be made in a certain time, there being no other consideration than the performance of the conditions, and the appellate courts properly held that under such circumstances conditions precedent had been created. We have seen no case in which it has been held that a condition was one precedent, where a full money consideration had been paid, and the condition was one involving the matter of time alone, when the condition had been fulfilled within a reasonable time after the time set out in the contract.

[6] In this case plaintiff had been fully

paid by defendant, and the money accepted by plaintiff, and he had agreed to convey the land to defendant. When the deed was presented to him he desired that a condition be ingrafted on the deed as to widening the part of Travis street between Main avenue and North Flores street, and not as to the street along his own property being west of North Flores street. In his letter containing the terms on which he agreed to give a deed to the land in controversy he asked that Travis street be widened in six months as a part of the consideration, the other being in consideration of land conveyed to him for the Travis street as well as the North Flores land. He afterwards agreed to an extension of two years. Plaintiff swore that Travis street was not widened within two years, but it was widened in about three or four months after the two-year period had expired. Plaintiff swore that the widening of Travis street between Flores and Main avenue would not affect his property, and he claimed that was not the condition agreed upon. He said:

"That is my recollection; I couldn't be certain about that. I am sure it couldn't be any other way, because it wouldn't affect me at all if they would widen property between Main avenue and Flores; that is, it wouldn't affect my property."

He showed that there had been partial performance of the widening of Travis street before the expiration of two years by extending the curb on Flores street around the corners on Travis street. The curbing was at first put on the old line on Travis street, but was moved back within the two-year period on the new line as fixed by the deed. He testified:

"That semicircle curb going into West Travis street now lies upon the property line as it would be if the city had acquired title to the strip of ground which I conveyed in that deed which is held in escrow; but at first it did not —originally it did not. The curb as it now exists was completed approximately two years ago, during 1915, I think."

He knew where the line of curbing was to be on the south of his property because it was marked by that part of the curbing completed within the two-year period, and there was nothing to prevent improvements being made on the property.

In a letter written by plaintiff to defendant on January 15, 1914, it clearly appears that the negotiations for the widening of North Flores and Travis streets formed one and the same transaction, and that the land bought by defendant from Henry Laager and conveyed to plaintiff was accepted by plaintiff, and was intended by defendant as full compensation for the land which was used by defendant in widening the streets. It is clear that time did not form any essential part of the contract. No valid reason was given why time was valuable, for the small improvements on the Travis street side could have been just as easily moved back before the street was widened as after. Plaintiff at no time before the expiration of the two years complained to defendant about the street not being opened, and if time had been as precious as it is now claimed to have been, he could have had any houses ready, if he had desired, for occupation before the time expired. Plaintiff offers no reason why time could have been of any importance in the opening of the street. He testified:

"The way that I had been damaged by reason of the fact that the widening was not done until three or four months after the expiration of that optional period was that the property had naturally been in a state of litigation, part of it has been tied up, and I have not been able to offer it for sale or to make any improvements on it, and what improvements were there of course were destroyed. I destroyed the improvements to carry out my agreement."

The old curbing along a part of the property of plaintiff on Travis street had been moved back on the line as designated in the deed made by plaintiff to defendant, and there was nothing to prevent improvements being erected with the new curbing in view. Plaintiff signed a receipt to a city voucher for amount paid for land on Travis and North Flores streets, stating:

"The warrant issued by the city of San Antonio and mentioned in the within voucher, being the true and full amount due me, has been received by me in full satisfaction and compensation as stated therein."

Plaintiff had after receiving the Laager land practically the same amount of land he had before the two streets were widened. Plaintiff stated, in regard to what was written on the back of the voucher issued to him to pay for the land from Laager, that he had signed it. Plaintiff has been fully compensated for all property used by defendant in widening the two streets.

Plaintiff at first contended for a six-months forfeiture, then for a year, and then agreed to two years, as to the widening between Main avenue and Flores street, and had no condition as to the widening along his own property. These changes in time tend to show that it was not a matter deemed of importance, and it could not have been, because, if the street had been widened as contracted for in the deed, it could not have affected his property or made it any easier for him to improve it. He admitted this, and yet seeks a forfeiture on the ground that time was of the very essence of the contract. There was no contract to widen the street along his property within any certain time, and the contract as to time in connection with other parts of the street could not have been of any importance, because it did not, as plaintiff swore, affect his property in the least.

[7, 8] The third and fourth assignments are grouped, the one assailing the action of the court in admitting the testimony of Clinton G. Brown, and the other that of John W. Warren; the objections, it seems, being directed to testimony by each of them tending to show additional considerations other than the one recited in the deed. No bill of exceptions was reserved to the testimony of Clinton G. Brown, and consequently the assignment complaining of his testimony must necessarily be overruled, and the one as to Warren's testimony must be overruled, because not only Brown's testimony, but Jordt's, to the same effect, was admitted without objection.

[9] It may be stated in this connection that the evidence of Brown, Warren, and Jordt did not tend to vary the terms of the deed. The consideration recited in the deed was $1 and other considerations, and the evidence was properly admitted to show the real consideration. This is always permissible. Lanier v. Foust, 81 Tex. 186, 16 S. W. 994; Johnson v. Elmen, 94 Tex. 168, 59 S. W. 253, 52 L. R. A. 162, 86 Am. St. Rep. 845; Robinson v. Clymer, 170 S. W. 107.

The judgment is affirmed.

⬌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes