## PARKER v. SORELL.   (No. 6337.)

(Court of Civil Appeals of Texas.   Austin. March 30, 1921.)

1. Escrows ⊙⇒3—Deed complete on its face cannot be delivered to grantee to be held in escrow.

A deed which is complete on its face and is sufficient to pass title, without any conditions therein stated, cannot be delivered to the grantee to be held in escrow.

2. Evidence ⊙⇒444(1)—Parol evidence that oil and gas lease was to be held by the grantee in escrow inadmissible.

Parol evidence is inadmissible to show that an oil and gas lease complete on its face which recited payment of a cash consideration was delivered to the grantee without payment with the understanding that it should not become effective until payment.

Appeal from District Court, San Saba County; N. T. Stubbs, Judge.

Action by J. E. Sorell against T. S. Parker. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

J. H. McLean, of Llano, and N. C. Walker, of San Saba, for appellant.

### Findings of Fact.

BRADY, J.   On March 3, 1918, appellee and appellant entered into an agreement to the effect that appellee would on the following day execute to appellant an oil and gas lease on 10,282 acres of land, for the consideration of $3,598.70 cash, to be paid by appellant. On the following day a lease was executed, in accordance with said agreement, which recited the cash payment of the amount above stated. None of said cash was paid, however except the $50 paid on the day before as earnest money. Appellee and his wife, on March 4th, executed the lease and delivered the same to appellant, in the courthouse at San Saba; and the same was thereupon handed to the clerk for record by appellant, in the presence of appellee. No part of the cash consideration, except the $50 referred to, has been paid. The court submitted the case upon special issues, No. 3 of which is as follows:

" * * * Was it plaintiff's intention that said contract should not be effective and binding on him in case defendant failed to place said balance cash consideration to his credit in said bank on March 4, 1918?"

To which the jury answered "Yes."
Appellee testified as follows:

"This lease was executed on the 4th day of March, 1918, and just prior to that time I had a conversation with Mr. Parker about this oil and gas lease. After this contract, this oil and gas lease, was executed, I delivered it to Mr. Parker, downstairs here in the courthouse. At that time Mr. Parker did not pay me the $3,598.70, the consideration expressed in the oil lease, and he has never to this day paid me that money. In the agreement that we had it was understood that this money was to be put in the first National Bank. * * * As I have stated, Mr. Parker has never paid me this money. I have gone to the bank from time to time to see if Mr. Parker had left any money there for me, but he never left any for me. * * * It is true that after the lease was executed, and I delivered it to Mr. Parker, that he took it to the clerk's office, and had it filed

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

for record. I saw him file this lease. At the time I delivered this lease, I did not intend that it should have effect until the money was placed in the bank."

## Opinion.

The appeal herein is prosecuted upon two assignments of error, which practically raise the same question. Appellant objected to the testimony of appellee that he did not intend that the lease should have effect until the money was placed in the bank, and excepted to the ruling of the court permitting such testimony. Appellant also excepted to the action of the court in submitting special issue No. 3, as set out in the findings of fact, "for the reason that, where an instrument is actually delivered to the grantee as is alleged in the pleadings in this case, and as shown by the evidence in this case, the promise on the part of the grantee to pay the purchase money in the First National Bank of San Saba, Tex., at some subsequent time to such actual delivery would not be sufficient in law to defeat, avoid, or annul such actual delivery, and for the reason that such evidence, in law, is incompetent to show that there has not been an actual delivery, and for the reason that an instrument cannot be delivered to the grantee, to become effective on the happening of some future contingency, as the payment of the consideration to be paid for same in the First National Bank."

[1, 2] We sustain appellant's proposition of law, both as to the admission of the testimony and the action of the court in submitting question No. 3. A deed which is complete upon its face, and sufficient to pass title without any conditions therein stated, cannot be delivered to the grantee to be held in escrow; and oral testimony that such deed so delivered was not to take effect except upon the happening of some subsequent event is not admissible. Holt v. Gordon, 107 Tex. 137, 174 S. W. 1097; Manton v. San Antonio, 207

S. W. 951; Ins. Co. v. Clarke, 1 Tex. Civ. App. 238, 21 S. W. 277; Lambert v. McClure, 12 Tex. Civ. App. 577, 34 S. W. 973; McClendon v. Brockett, 32 Tex. Civ. App. 150, 73 S. W. 854; Ins. Co. v. Morgan, 202 S. W. 784; Wipfler v. Wipfler, 153 Mich. 18, 116 N. W. 544, 16 L. R. A. (N. S.) 941, and authorities cited in the notes to said case; 16 Cyc. 571.

In Mowry v. Heney, 86 Cal. 471, 25 Pac. 17, it was held that a deed absolute upon its face could not be defeated by parol proof of an intention on the part of the grantor, known to the grantee, that it should not become effective in the event of the grantor's death.

In Haworth v. Norris, 28 Fla. 763, 10 South. 18, it was held that it could not be shown by parol that an actual delivery to the grantee of a deed, absolute upon its face, was under an agreement that a condition not expressed in the deed should be performed, in the absence of proof showing that the deed came into the possession of the grantee accidentally or by mistake, or contrary to the intention of the parties, or by fraud was delivered upon the condition, not expressed in the deed, that the deed should not be operative unless such condition was performed.

In Lawton v. Sager, 11 Barb. (N. Y.) 349, it was held that parol evidence was not admissible to show that the deed was intended to take effect upon a condition not expressed therein.

Many authorities are cited in the notes referred to in support of this proposition.

The instant case is stronger against the admission of the testimony given, for the reason that such testimony did not show an oral agreement, acquiesced in by both parties, but only the secret and undisclosed intention of the appellee.

For the reason that the court erred in admitting the testimony referred to, and in submitting special issue No. 3, this cause is reversed, and remanded for a new trial.