### JOHN W. WOODS v. W. J. LOWRANCE ET AL.

Decided March 14, 1908.

**1.—Estoppel—Use of Property—Nuisance—Injunction.**

Where W., before building and making his home upon certain town lots, inquired of L., the owner of adjacent lots, whether or not he intended to use his lots for wagon yard or feed yard purposes, and was assured by L. that he did not intend to do so, but expected and intended to use said lots for his own residence and home, and relying upon said assurance W. erected his home and made permanent and valuable improvements on his lots, held, that L. was thereby estopped from afterwards using his lots for a wagon or feed yard, and an injunction would lie to restrain him from so doing.

**2.—Same—General Rule.**

When one person, by his acts or words, knowingly induces another to assume burdens which he would not otherwise have undertaken, the former is estopped to take a position or do acts to the prejudice of the latter that are inconsistent with the acts or words relied upon.

Appeal from the District Court of Fisher County. Tried below before Hon. Cullen C. Higgins.

*Harry Tom King* and *Leggett & Kirby,* for appellant.

*Beall Bros. & McDugald,* for appellees.

CONNER, CHIEF JUSTICE.—This is an appeal from an order of the District Judge of the 39th Judicial District, made in chambers, dissolving a writ of injunction theretofore issued upon the petition of appellant.

The writ of injunction, pursuant to the fiat of the judge, was issued on December 13, 1907. On January 2, 1908, appellees filed a motion to dissolve the writ, consisting of general and special demurrers and an answer to the merits. The motion to dissolve was heard in chambers on January 7, 1908, and the court sustained the demurrers, and dissolved the writ, on the ground only that there was a want of equity in the bill, the answer to the merits being continued for hearing to the next regular term of court.

Appellant's petition, omitting formal and other parts not necessary to an understanding of the order from which the appeal has been prosecuted, is as follows:

"........ That heretofore on or about February 18, 1907, plaintiff for the valuable consideration, to wit: $650, became the purchaser and owner of lots 6 and 7, block No. 53 of the town of Rotan, Fisher County, Texas; that on or about the time alleged above defendant, W. J. Lowrance, purchased the property immediately adjoining plaintiff on the west, to wit: lots 8, 9 and 10 in said block No. 53; that during the past summer said Lowrance conveyed to M. Hardin an undivided interest in said property; that defendants Lowrance and Hardin are now the owners of said described property; that on or about April 10, 1907, when plaintiff was preparing to erect a residence on his property afore described he was informed that defendant Lowrance was objecting to a clause in the deed which the Rotan Townsite Company had tendered him for said property wherein said clause recited 'And as the further consideration that purchaser agrees not to erect or permit the erection of a wagon yard, feed yard, feed stable, etc., on said premises.' That at said time plaintiff inquired of defendant that if it was his intention to put a wagon yard or feed yard on said premises and that if said defendant had any intention of so doing, he (plaintiff) on this account would have to build his home elsewhere for the wagon yard and feed yard would greatly damage his property and seriously affect the health of plaintiff's wife who was then and is now practically an invalid and has been so for the past five years; that defendant Lowrance assured plaintiff that he would not convert said property into a wagon yard and had no intention of so doing, and that he, defendant was going to erect his residence thereon; that relying upon said promise of defendant that he would not put such wagon yard or feed yard thereon, at once erected his residence on said lot and has since improved his premises by expending a great deal of money for shade and ornamental trees, shrubbery, etc., and otherwise beautifying his home to his cost of two thousand dollars or more; that defendant Lowrance erected his residence on his property heretofore described and has continued to use same as a dwelling

until the 11th day of this month; that on said day defendant removed from said lots his residence thereon, that he informed plaintiff that he intends to build, erect and maintain a wagon yard and feed yard on said premises, so adjoining said premises of plaintiff and maintain the same thereon for the public, that he has contracted with parties to at once erect feed stalls and stables immediately adjoining and against plaintiff's yard and within about sixty feet or less of plaintiff's dining room and living room; that plaintiff's wife is in very bad health and is almost an invalid and has been for the past five years; that plaintiff moved to his residence heretofore described for no other reason than on account of his wife's health, of which he has repeatedly informed both defendants; that wife of plaintiff has been almost under the constant care of one or more physicians and has been so treated since moving to Rotan; that if defendants are permitted to erect and maintain on said premises heretofore mentioned the wagon and feed yard that the fact of its being adjoining plaintiff's premises and in so close proximity thereto will damage plaintiff's home and residence for commercial purposes one thousand dollars; that if said defendants are permitted to erect and maintain said wagon and feed yard on said premises and right at plaintiff's door, that the stench, refuse and output from the stock therein will polute and corrupt the air and cause such a foul smelling place as to constitute it a terrible nuisance and render plaintiff's home unfit for habitation and the purpose for which it was designed and thereby destroying its value and usefulness; that on account of petitioner's wife's ill health it is absolutely necessary for them to have their home where it is now situated within less than two blocks of plaintiff's office, and that it is absolutely necessary for plaintiff to have his residence so situated in order that he can look after and care for his sick wife and at the same time attend to his other business."

We are of the opinion that the petition presents a clear case of an equitable right by estoppel that entitled appellant to the relief he seeks, and that hence the court erred in sustaining the demurrers and in dissolving the writ of injunction on the sole ground of the insufficiency of the petition.

Article 2289 of the Revised Statutes, as amended by the Act approved April 16, 1907 (Laws 1907, p. 206), provides that "Judges of the District and County Courts shall either in term time or vacation hear and determine all applications and may grant writs of injunction, returnable to said courts in the following cases:

"(1)    Where it shall appear that the party applying for such writ is entitled to the relief demanded, and such relief, or any part thereof, required the restraint of some act prejudicial to applicant.

"(2)    Where, pending litigation, it shall be made to appear that a party is doing some act respecting the subject of litigation, or threatens or is about to do some act, or is procuring or suffering the same to be done, in violation of the rights of applicant, which act would tend to render judgment ineffectual.

"(3)    In all cases where the applicant for such writ may show himself entitled thereto under the principles of equity, and as provided

by statutes in all other acts of this State providing for the granting of injunctions."

Without intending to here formulate a definition applicable to all cases alike, if indeed such a definition can be given, we think it may be said that when one person by his acts, or words, knowingly induces another to assume burdens which he would not otherwise have undertaken, the former person is estopped to take a position or do acts to the prejudice of the latter, that are inconsistent with the acts or words relied upon. Assuming as true the allegations of appellant's petition, as we must for the purpose of the demurrers, at and before appellant fixed and erected his home at considerable outlay in money he secured a specific representation and promise of appellee Lowrance that the latter's adjoining lots should not be used for the objectionable purposes specified in the petition. Thereby appellant was induced to act as he did, and we can securely imagine a clearer instance of an estoppel *in pais*. It is well established that restricting clauses in deeds limiting the use of land in a specified manner will be enforced in equity by means of an injunction, even when the covenants are not of the kind which technically run with the land. 4 Pom. Eq., 1342, 3rd ed.; Anderson v. Rowland, 18 Texas Civ. App., 463. The right to have the limitation observed can not, on principle, be greater, as against one bound thereby, when secured by written contract or deed than when arising by estoppel. It seems manifest, too, from the petition that the case is not one where adequate relief can be afforded by the terms of our statute quoted in part, and by the principles of equity appellant is entitled to an injunction.

We conclude that the court erred in dissolving the injunction for want of equity in the bill, and that the judgment must be reversed therefor. This conclusion renders it unnecessary to consider the court's action in refusing to permit appellant to amend and to continue the writ upon the amended petition. We also add that it will be time enough to consider the effect of the estoppel on the individual right, if any, of appellee Hardin when the question is properly presented. Now and here the threatened acts are joint and it is clear that, as averred in the petition, appellee Lowrance is subject to the estoppel charged. He, therefore, neither alone nor in conjunction with another, should be permitted to act contrary thereto. The order of dissolution, however, goes to the whole writ and operates in favor of both appellees.

It is adjudged that the judgment be reversed and the order dissolving the injunction be set aside and held for naught.

*Reversed and remanded.*