### YARBROUGH v. CLARKSON et al.

(Court of Civil Appeals of Texas. Galveston. April 4, 1913. Rehearing Denied April 17, 1913.)

1. EVIDENCE (§ 390*)—PAROL EVIDENCE—INTENT—MISTAKE IN DEED.

The description in a deed being definite and certain, parol evidence that other land than that described was intended to be conveyed is not admissible in trespass to try title; it being only in a suit to correct a deed on the ground of fraud or mistake that its terms can be so varied or contradicted.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1719–1721, 1723–1728; Dec. Dig. § 390.*]

2. TRESPASS TO TRY TITLE (§ 10*)—TITLE TO SUPPORT.

Plaintiff, in procuring a deed to himself from B. of land which he afterwards, by mistake, he claims, conveyed to defendant C., having been the agent of defendant P., who furnished the consideration, so that he never had title, but held it in trust for defendant P., judgment in trespass to try title was properly against plaintiff; the superior title being shown in defendant P.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 13; Dec. Dig. § 10.*]

Appeal from District Court, Harris County; Norman G. Kittrell, Judge.

Action by L. N. Yarbrough against A. E. Clarkson and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Masterson & Masterson, of Houston, for appellant. Dannenbaum & Taub, of Houston, for appellees.

PLEASANTS, C. J. This is an action in the ordinary form of trespass to try title, brought by the appellant against the appellees, A. E. Clarkson, G. J. Palmer, and A. W. Palmer. The land involved in the suit is a tract of 50 acres off the extreme north ends of the R. M. Armstrong and Frank Hamilton surveys in Harris county.

The defendants answered by general de-

murrer, general denial, and plea of not guilty.

The cause was submitted to a jury in the court below upon special issues, and upon the return of the verdict judgment was rendered thereon in favor of the defendants.

W. H. Bundy is common source of title. On February 27, 1906, he conveyed the land to appellant, L. N. Yarbrough, for a recited consideration of $1,000. The land thereby conveyed is described in this deed as follows: "Survey No. 8, block No. 1, Washington County R. R. Co. survey (R. M. Armstrong survey), and the Frank Hamilton or Swisher survey, containing 50 acres, being that part on north side of county road belonging to said tracts (surveys) owned and known as the land belonging to W. H. Bundy, being about 200 yards wide and the lengths of said tracts of land."

In March, 1906, appellant, Yarbrough, conveyed to defendant A. E. Clarkson the following described land: "Located and being in Harris county, Texas, in the John M. Swisher & Frank Hamilton 171.28-acre survey, patent No. 119, vol. 8, and Abstract No. 1220, Harris County Block Books, being the same tracts of land conveyed to W. H. Bundy by L. P. Boles by deed dated April 19, 1904, and recorded in Harris County Deed Records, vol. 163, p. 264, and conveyed to said W. H. Bundy by Jas. and Winnie E. Sumpter, April 23, 1904, as shown by the Deed Records of Harris county, vol. 163, p. 263. Reference is hereby made to said deeds for the metes and bounds of the land herein conveyed and for further and fuller description and identification; the land as set out in said deeds being in three tracts, all contiguous and adjoining, and containing 50 acres more or less. The said tracts include all lands belonging to W. H. Bundy lying N. of the Harris county public road and conveyed by W. H. Bundy to me, as shown by the deed on file among the Deed Records of Harris county."

The Boles and Sumpter deeds to W. H. Bundy, referred to in the foregoing deed for a description of the land thereby conveyed, describe and convey three adjoining tracts of land in the southern ends of the Armstrong and Hamilton surveys; one of said tracts containing 18 acres and the other two 12 acres each. The defendants introduced parol evidence to the effect that in making the conveyance to defendant Clarkson it was appellant's intention to convey the land in controversy, which had been conveyed to him by Bundy by the deed first above mentioned. One of the questions submitted to the jury was what land appellant intended to convey to Clarkson by the deed of March, 1906, and the jury found that it was his intention to convey the land in controversy.

[1] Under appropriate assignments of error appellant complains of the ruling of the court permitting appellees to show by parol that appellant intended by his deed to Clarkson to convey the land in controversy, and the judgment in favor of defendants, based upon the finding of the jury that the land in controversy was intended to be described and conveyed by said deed. Appellant's objections to the introduction of this evidence should have been sustained. The deed in question conveys an entirely different tract of land from the one in controversy. The description in the deed being definite and certain, it was not permissible to show by parol that other land than that described was intended to be conveyed. Davis v. George (Sup.) 134 S. W. 326. It is only in a suit to correct a deed on the ground of fraud or mutual mistake that its terms can be varied or contradicted by parol evidence.

[2] If the judgment of the trial court was based only upon the finding of the jury that it was appellant's intention to convey the land in controversy by this deed, it could not stand; but this is not the case. The jury also found by their verdict that appellant was acting as the agent of defendant A. W. Palmer in procuring the deed to the land in controversy from Bundy to himself, and that the consideration for said conveyance was furnished by Palmer and consisted of an interest in a stock of books owned by him. These findings are not challenged by any assignment presented in appellant's brief, and upon the facts so found appellant never had title to the land, but only held the title in trust for Palmer, who was the real owner. This being so, the mistake in the description of the land in the deed by which appellant intended to convey it to Clarkson is immaterial.

The superior title being thus shown to be in defendant Palmer, judgment was properly rendered against plaintiff in favor of the defendants, and must be affirmed.

Affirmed.