### CHAS. F. NOBLE OIL & GAS CO. v. ALTEX PETROLEUM CO. (No. 9682.)

(Court of Civil Appeals of Texas. Fort Worth. March 19, 1921.)

Injunction ⊂⇒59(1) — Petition to enjoin defendant from denying plaintiff's right to take casing head gas stated a cause of action.

Petition alleging that under arrangements with oil and gas lessees to take casing head gas, plaintiff had constructed valuable pipe lines, and that defendant, having acquired the leases, denied plaintiff the right to take such gas, to plaintiff's irreparable injury in that it would lose the benefit of its pipe lines, etc., is sufficient to state a cause for equitable relief, not only under Vernon's Sayles' Ann. Civ. St. 1914, art. 4643, subd. 1, providing for injunctions, but under the general equitable rule.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Suit by the Chas. F. Noble Oil & Gas Company against the Altex Petroleum Company. From a judgment sustaining demurrer to the petition, dissolving a temporary injunction and dismissing the suit, plaintiff appeals. Reversed and remanded.

Bonner & Bonner, of Wichita Falls (Wm. N. Bonner, of Wichita Falls, of counsel), for appellant.

Melville E. Peters, of Wichita Falls, for appellee.

DUNKLIN, J. Chas. F. Noble Oil & Gas Company, plaintiff in the trial court, sued the Altex Petroleum Company to enjoin it from denying plaintiff the right to take from wells owned by the defendant casing head gas. A temporary injunction was granted as prayed for by the plaintiff, but later the court sustained a general demurrer, addressed to the petition by the defendant, dissolved the temporary injunction, and dismissed the suit. From that judgment plaintiff has appealed.

No briefs have been filed by either party, and the only question to be determined is whether or not the general demurrer was properly sustained; in other words, whether or not, admitting the truth of the allegations in the petition, it failed to present a cause of action for the relief prayed for.

According to allegations in plaintiff's petition, G. Clint Wood, the Imperial Petroleum Company and the Drillers Oil & Gas Company each owned a lease on certain land in Wichita county, on which had been drilled wells which were producing casing head gas, and each of said parties entered into a written contract with Chas. F. Noble, by the terms of which, for a valuable consideration paid and certain covenants and obligations on the part of Noble, each agreed and contracted to deliver to Noble all of the casing head gas then being produced, or which might thereafter be produced from said wells. The contracts contained stipulations giving Noble the right to assign them. Thereafter the owners of said leases transferred the same to the defendant, who accepted them subject to the rights of Noble thereunder, and Noble transferred all his interest to the plaintiff, who became subrogated to all his rights.

Plaintiff is engaged in manufacturing casing head gasoline, and owns a plant equipped for that purpose, situated about a mile from defendant's wells. Relying upon the contracts and the rights given thereby to his grantor, Noble, and his assigns, plaintiff has laid pipe lines to defendant's wells, which are producing casing head gas from which casing head gasoline is manufactured. The establishment and maintenance of plaintiff's plant and the laying of pipe lines and con-

necting the same with said wells has been at a great expense to the plaintiff. For several months after the connections with said wells were established, plaintiff received from said wells the gas therefrom, and has been utilizing the same in its business, and has performed all the contractual obligations contained in the instruments above recited necessary to a continuation of those contracts in force and effect, and with the full assent and acquiescence on the part of the defendant.

The defendant is now threatening to disconnect the pipe lines from said wells, and to refuse to permit plaintiff to take any further gas therefrom. Such action on the part of defendant will result in irreparable injury to the plaintiff, in that it will virtually destroy the pipe line connections with the wells, cause the loss of expense in laying the same and making said connections, and materially lessen the profits that plaintiff would realize from the maintenance and operation of its plant by reducing the supply of gas from which casing head gasoline is being manufactured. The damages which plaintiff will so suffer are incapable of definite ascertainment, and the same will result unless the injunction prayed for is granted.

The demurrer which was sustained presented the contention that according to the allegations in the petition plaintiff had a speedy and adequate remedy at law for the wrongs complained of, and that the plaintiff fails to allege facts sufficient to entitle it to the relief prayed for or for the relief in law or equity.

We are of the opinion that the court erred in sustaining the general demurrer. By article 4643, subd. 1, V. S. Tex. Civ. Stats., it is provided that—

An injunction may issue, "where it shall appear that the party applying for such writ is entitled to the relief demanded, and such relief or any part thereof requires the restraint of some act prejudicial to the applicant."

Even under the equity rule governing in such cases, and, aside from the language quoted from the statute cited, we believe that the petition was good as against the demurrer urged. Sumner v. Crawford, 91 Tex. 129, 41 S. W. 994; Bay City Irr. Co. v. Sweeney, 81 S. W. 545; Welsh v. Morris, 81 Tex. 159, 16 S. W. 744, 26 Am. St. Rep. 801; Woods v. Lowrance, 49 Tex. Civ. App. 542, 109 S. W. 418.

The judgment of the trial court is reversed, and the cause is remanded; but this decision shall be without prejudice to the right of the defendant to be heard on a motion to dissolve the temporary injunction upon the grounds other than those presented by its demurrer.