## BABB v. MILLER et ux. (No. 10842.)*

(Court of Civil Appeals of Texas. Fort Worth. Nov. 17, 1923. Rehearing Denied Jan. 5, 1924.)

**1. Pleading �key⊃214(1)—As against general demurrer, allegations of petition accepted as true.**

As against general demurrer, allegations of a petition must be accepted as true.

**2. Evidence ⊂key⊃443(3)—Oral building restrictions held personal contract forming part of consideration, proof of which would not vary deed.**

An oral agreement between vendor and purchaser that lots conveyed should be used for residence purposes only, and that any houses built thereon should front in the same direction as vendor's house on the adjoining lots, *held* to be neither a condition subsequent, breach of which would result in forfeiture of title, nor a covenant running with the land, which would have to be in writing, but it was a personal contract forming part of the consideration for the conveyance, proof of which would not vary the terms of the deed.

**3. Injunction ⊂key⊃62(3)—Injunction lies to prevent violation of building restrictions.**

If a building restriction is established by competent evidence, injunctive relief lies to prevent its violation.

**4. Evidence ⊂key⊃434(11) — Under statute oral building restriction inducing conveyance held binding.**

Under Acts 36th Leg. (1919) c. 43, §§ 1–3 (Complete Tex. St. 1920 or Vernon's Ann. Civ. St. Supp. 1922, arts. 3973a–3973c), vendee's violation of oral agreement to build houses on lots purchased facing a certain direction, as part of the consideration for the conveyance, *held* not only provable as a fraud in an action to enforce the agreement, but the agreement was binding on vendee.

*On Motion for Rehearing.*

**5. Evidence ⊂key⊃419(1), 432—Proof of consideration for deed, promissory note, or other contract held always admissible; partial or total failure of consideration may be shown.**

The consideration for a deed, promissory note, or other contract in writing may always be proved, if such proof does not contradict the consideration expressed in the contract, and proof is admissible to prove partial or total failure of consideration and thereby impair or destroy a title or the obligation of a note or contract.

**6. Frauds, statute of ⊂key⊃44(1), 58(1), 74(1)— Proof of oral building restriction not within statute.**

Proof of an oral building restriction as consideration for a conveyance, such restriction not being a contract for the sale of real estate, or lease thereof, or an agreement not to be performed within a year, is not forbidden by Rev. St. art. 3965, subds. 4, 5.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

Suit by W. P. Babb against R. W. Miller and wife. From an order dismissing temporary injunction, plaintiff appeals. Reversed and remanded.

Kirby, King & Overshiner, of Abilene, for appellant.

Dallas Scarborough, of Abilene, for appellees.

DUNKLIN, J. W. H. Barnett owned three lots, Nos. 10, 11, and 12, situated in the northwest corner of block 121 of the city of Abilene, on which was erected his residence, which fronted north on South Third street. He also owned lots 1 and 2 in the northeast corner of the same block, which two lots were separated by an alley 20 feet wide, running north and south through the block, from his residence property. Lots 10, 11, and 12 were platted to face west, and lots 1 and 2 were platted to face east on Poplar street, but for convenience his residence was constructed to face north, occupying, as it did, lots 10, 11, and 12 as a whole. He sold lots 1 and 2 to W. P. Babb, who in turn sold the east half of lots 1 and 2 to R. W. Miller. Lots 1 and 2 had a depth of 140 feet, which made lot 1 abut on South Third street a distance of 140 feet.

W. P. Babb instituted this suit against R. W. Miller to restrain him from erecting a residence building on the east half of lot 2 so as to front east on Poplar street. A temporary writ of injunction was first issued to restrain the erection of the building, but later that writ was dissolved, and from the order of dissolution Babb has prosecuted this appeal.

Upon hearing the motion to dissolve a general demurrer to plaintiff's petition was sustained, and that was the only basis for the order of dissolution.

[1] As against the general demurrer, the allegations in plaintiff's petition must, of course, be accepted as true, and we shall undertake to review the facts which may be briefly summarized as follows: At the time Barnett sold lots 1 and 2 to Babb it was agreed between them that lots 1 and 2 should be used only for residence purposes, and that any residence built thereon should front north on South Third street, just as Barnett's residence faced; the object and purpose of that agreement was to carry out Barnett's desire that no residence would be erected on either lot 1 or lot 2 to front east on Poplar street, and thereby cause the back premises of such residence to abut on the side of Barnett's residence. But for that agreement on the part of Babb, Barnett would not have sold lots 1 and 2 to him. That agreement on the part of Babb was not incorporated in the deed of conveyance to him of lots 1 and 2, and was an agreement in parol. When Babb sold the east half of

lots 1 and 2 to Miller he did so under an agreement to the same effect relative to the building restrictions; in other words, Miller agreed that any residence he might put upon the property so purchased should not front east on Poplar street but would front north on South Third street, just as Barnett's residence did. Babb would not have made that sale to Miller in the absence of that agreement, which was likewise in parol, and was not embraced in the deed. At the time Miller purchased from Babb he also had notice of the agreement constituting the building restriction which had been agreed to between Babb and Barnett.

The only questions presented for our determination are (1) whether or not testimony would be admissible to prove either of said parol agreements; the contention being made by the appellee that such proof would not be admissible because it would be in conflict with the terms of a written instrument; (2) whether or not the building restriction would be enforceable in a court of equity as against the defense made that it would be in violation of article 3966 of our statute of frauds.

[2] Counsel for appellee insists that the alleged building restriction would be a condition subsequent, which, being in parol, could not be ingrafted upon the deed of conveyance without violating the rule forbidding the introduction of parol testimony to vary the terms of a written instrument. Many authorities are cited by the appellee, such as Schmidt v. Brittain (Tex. Civ. App.) 84 S. W. 677; Davis v. George, 104 Tex. 106, 134 S. W. 326; Lambert v. McClure, 12 Tex. Civ. App. 577, 34 S. W. 973; Yarbrough v. Clarkson (Tex. Civ. App.) 155 S. W. 954. We do not believe that the parol building restriction could, if given effect, amount to a condition subsequent to the title conveyed. It does not purport to be an agreement, the breach of which would result in a forfeiture of title. Nor could it be construed as a covenant running with the land, since such a covenant would have to be in writing and be a part of the deed of conveyance, with notice of which subsequent purchasers would be chargeable. The alleged building restriction amounted to nothing more than a personal contract on the part of the vendee, and which contract and agreement was a part of the consideration for the conveyance made, and proof of it would not have the effect to vary the terms of the deed. The following from 8 R. C. L. p. 1108, is a clear statement of the principle involved:

"A condition subsequent forfeiting the title to the grantor in case of breach is not of itself repugnant to the granting clause, but, where an estate is given, a restriction destructive thereof is void. A fortiori, a collateral agreement, whether prior to or contemporaneous with the deed, cannot, if not incorporated in the deed, operate to limit the estate granted, nor directly bind or limit the use of the property conveyed; but such agreements may be given effect as personal covenants, enforceable between the parties and likewise against all persons in privity of estate and having notice thereof. The distinction in such cases is manifestly the difference between incumbering the title or restricting the estate, and merely entering into an independent agreement concerning the use of the property; which is further apparent from the holding that a parol condition against transfer, except to a specified class of persons, is inoperative to prevent the passing of title by a subsequent grant to any person capable of taking under the general rules of law, but that a collateral agreement not to sell except at a specified price may be proved as being an agreement on a subject distinct from the grant. A similar distinction, furthermore, is involved in many of the particular expressed conditions or restrictions on the use of the property, which are sustained."

If the building restriction does not have the effect to vary the terms of the deed, but is a personal contract only, then we know of no rule of evidence which would forbid proof of it by parol testimony.

In Tiffany, Real Property, vol. 2, p. 1425, the following is said:

"Even in jurisdictions, where, as in England, the burden of a covenant does not run with the land, an agreement as to the use of land may, under certain circumstances, affect a subsequent purchaser of the land who takes with notice of the agreement; equity in such case enjoining a use of the land in violation of such agreement. As stated in the leading case on the subject, 'The question is not whether the covenant runs with the land, but whether a party shall be permitted to use the land in a manner inconsistent with the contract entered into by his vendor, and with notice of which he purchased.' The person thus affected by the agreement as to the use of the land may be a purchaser, a lessee, or a mere occupant of the land under license. Such an agreement may occur in connection with a conveyance of land, restricting the grantor, or the subsequent transferees of the grantor, as regards the use of land retained by him, or restricting the grantee as regards the use of the land conveyed; or it may be independent of any conveyance of land, being merely an agreement between adjoining owners as regards the use of their land."

We quote further from the same volume on page 1431:

"The right thus to enforce an agreement in equity against a subsequent purchaser is, at least in some jurisdictions, independent of the mode or incidents of its execution. It need not be a covenant, that is, an agreement under seal, and it has usually been regarded as sufficient, although oral merely, or merely inferred from the acceptance of a conveyance containing such a stipulation, or from representations made upon the sale of land."

As shown by the discussion of the author, the decisions of different states are not entirely in harmony. It is pointed out that in some states such restrictions of the use of real estate are upheld upon the theory of

estoppel, and the opinion by this court in Woods v. Lowrance, 49 Tex. Civ. App. 542, 109 S. W. 418, contains expressions to that effect; and in the case of Robbins v. Winters (Tex. Civ. App.) 203 S. W. 151, it was held that an estoppel may in some instances be predicated upon promises as well as by representation of fact, as announced in 21 C. J. pp. 1142–1143. See, also, 18 C. J. p. 384; 27 C. J. p. 226; Wilson Co. v. Gordon (Tex. Civ. App.) 224 S. W. 703; Anderson v. Rowland, 18 Tex. Civ. App. 460, 44 S. W. 911; Lamar Co. v. Clements, 49 Tex. 347; Hall v. Soloman, 61 Conn. 476, 23 Atl. 876, 29 Am. St. Rep. 218. It was also held in Anderson v. Rowland, 18 Tex. Civ. App. 460, 44 S. W. 911, that it was not necessary for plaintiff to show damages in order to obtain injunctive relief against the breach of a contract not to engage in a particular business. In Anderson v. Powers, 59 Tex. 213, it is pointed out that our statute of frauds is not as broad as the English statute which embraces conveyances of "any interest in or concerning real estate."

[3] It is well settled that, if a building restriction is established by competent evidence, then injunctive relief will lie to prohibit its violation. Halsell v. Ferguson, 109 Tex. 144, 202 S. W. 317; Curlee v. Walker, 112 Tex. 40, 244 S. W. 497.·

It has also been held that to make a building restriction effective it is not necessary that the same should be applicable to a general plan, but that it is sufficient if it relates to two lots only. See note to Korn v. Campbell, 37 L. R. A. (N. S.) 30.

[4] Furthermore, an act of the Thirty-Sixth Legislature (see General Laws, page 77, appearing in Complete Statutes of 1920, or Vernon's Ann. Civ. St. Supp. 1922, as articles 3973a, 3973b, and 3973c), reads as follows:

"Section 1. Actionable fraud in this state with regard to transactions in real estate or in stock in corporations or joint stock companies shall consist of either a false representation of a past or existing material fact, or false promise to do some act in the future which is made as a material inducement to another party to enter into a contract and but for which promise said party would not have entered into said contract, provided however that whenever a promise thus made has not been complied with by the party making it within reasonable time, it shall be presumed that it was falsely and fraudulently made, and the burden shall be on the party making it to show that it was made in good faith but twas prevented from complying therewith by the act of God, the public enemy or by some equitable reason.

"Sec. 2. All persons guilty of fraud, as defined in this act, shall be liable to the person defrauded for all actual damages suffered the rule of damages being the difference between the value of the property as represented or as would have been worth, had the promise been fulfilled, and the actual value of the property in the condition it is delivered at the time of the contract.

"Sec. 3. All persons making the false representations or promises and all persons deriving the benefit of said fraud, shall be jointly and severally liable in actual damages, and in addition thereto, all persons knowingly and willfully making such false representations or promises or knowingly taking the advantage of said fraud shall be liable in exemplary damages to the person defrauded in such amount as shall be assessed by the jury, not to exceed double the amount of the actual damages suffered."

That act became effective on June 19, 1919. According to plaintiff's petition, the sale by Barnett to plaintiff and the sale by plaintiff to defendant Miller occurred in the year 1920, and the building restriction alleged was agreed to contemporaneously with said sales, which were therefore after the act of the Legislature became effective.

According to the provisions of that act, Miller's agreement constituting the building restriction was not only provable, because under the facts related there is constituted a fraud, but was made binding upon him.

Accordingly the judgment of the trial court dissolving the injunction theretofore granted is reversed, and the cause is remanded for further proceedings not inconsistent with this decision.

### On Motion for Rehearing.

[5] The contention most urgently stressed by appellees is that to give effect to the parol building restriction discussed in our opinion on original hearing is to engraft upon the deeds, through which appellees claim title, a condition which conflicts with the terms of those instruments purporting to convey a fee-simple title, and thus to violate the familiar rule of evidence that the terms of a deed or contract in writing cannot be varied by proof of a contemporaneous or prior parol agreement. A multitude of authorities is cited which announce, in general terms, that familiar rule of evidence. But there is another rule of evidence equally as well established, and that is that the consideration for a deed, promissory note, or other contract in writing can always be proven, provided such proof does not contradict a contractual consideration expressed in the instrument. And it is a familiar rule that such proof is admissible to sustain a plea of partial or total failure of consideration which, when thus established, will operate to impair or destroy the terms of a conveyance of title in case of a deed, or the plain and specific obligation expressed in a promissory note or other instrument in writing. According to allegations in plaintiff's petition in the present suit, the agreement that all buildings to be erected on the property in controversy should face north on South Third street was one of the considerations for the conveyance by Barnett of lots 1 and 2 to Babb, and for the conveyance by Babb to appellee Miller. And, at the time Miller purchased, he also had notice of Babb's agreement with Barnett. It does not appear

that either in the deed from Barnett to Babb or in the deed from Babb to Miller there was any contractual consideration expressed which would be varied by proof of the consideration just mentioned. And, in the absence of some such showing, the parol evidence rule, relied on by appellees, did not render inadmissible proof of such consideration for the two deeds. So far as the rules of evidence go, proof of those parol agreements made as a consideration for the two deeds was equally as admissible as the same agreements would have been if they had been written in the deeds.

[6] A more difficult question is not whether the building restriction could be established by competent evidence but whether or not the same can be given legal effect after being so established.

Although the agreement constituting the building restriction is in parol, it is none the less binding upon the conscience of the maker, and a court of equity has jurisdiction to enforce it by reason of that fact, as held in authorities cited in our opinion on original hearing, the agreement not being in violation of any public policy. Nor is the enforcement of such an agreement forbidden by subdivision 4 or subdivision 5 of our statute of frauds, article 3965, since it was not a contract for the sale of real estate or the lease thereof, nor was it an agreement which was not to be performed within the space of one year from the making thereof.

The contention of appellees that plaintiff is estopped to enforce the parol agreement by reason of the terms of the deed executed to Miller by Babb, purporting to convey a fee-simple title, as argued, involves the questions of the admissibility of proof of the agreement and of its enforcement, both of which questions have already been discussed.

The motion for rehearing is overruled.