BAKER v. WILLIAMS.   (No. 5802.)

(Court of Civil Appeals of Texas. Austin.   Oct. 3, 1917.   Rehearing Denied Nov. 28, 1917.)

1. CARRIERS ⟐⟐247(2)—RIGHT TO GO ON STATION PREMISES—NEGLIGENCE—INJURIES.

One intending in good faith to become a passenger upon a train has a right to go to the station within a reasonable time before the train is expected to depart, and during such time has the right to do whatever may be necessary or proper to facilitate the loading of his baggage on the train, and while he is at the station and so engaged the railroad or its receiver owes a duty to him to exercise ordinary care for his

safety, failure in which constitutes actionable negligence, unless the right to recover is defeated by contributory negligence.

2. CARRIERS ⟐⟐320(2)—INJURIES ON STATION PREMISES — REASONABLENESS OF TIME OF GOING TO TAKE TRAIN — QUESTION FOR JURY.

In an action for injuries on railroad station premises to which plaintiff had gone with his family at about 11 o'clock at night, at least six hours before departure of the train he intended to take, question · of the reasonableness of the time in which plaintiff went to the station *held* for the jury.

3. TRIAL ⟐⟐203(3)—INSTRUCTIONS—REFUSAL OF REQUEST SUBMITTING CONVERSE OF PLAINTIFF'S PROPOSITIONS.

In such action, the court erred in refusing to give one of defendant's requested instructions, submitting the converse of the propositions submitted in a special charge given at plaintiff's request, that if plaintiff went to the station a reasonable time before train's departure, the railroad was under duty to exercise reasonable care to have its premises safe; the theory of the case presented by the refused instructions not being embraced in the court's charge, or in any requested instruction that was given.

4. APPEAL AND ERROR ⟐⟐216(1) — RESERVATION OF GROUNDS OF REVIEW—REQUEST FOR INSTRUCTION.

Where defendant requested no charge advising the jury as to the measure of damages, and his objection to the omission was not made until after the case was tried and verdict returned, he is not entitled to have the case reversed on appeal for the omission to charge.

5. APPEAL AND ERROR ⟐⟐215(1)—FAILURE TO OBJECT TO INSTRUCTION—WAIVER.

An objection to an instruction not urged at the time of trial was waived, and constitutes no ground for reversal.

Appeal from Travis County Court; William Von Rosenberg, Jr., Judge.

Suit by Harrison Williams against James A. Baker, receiver. From a judgment for plaintiff, defendant appeals. Judgment reversed, and cause remanded.

Fisher & Fisher and Robert Thompson, all of Austin, and Wilson, Dabney & King, of Houston, for appellant. Lyndsay D. Hawkins, of Austin, for appellee.

KEY, C. J. Appellee recovered a judgment against appellant as receiver of a railroad company on account of personal injuries alleged to have been sustained by appellee by coming in contact with an obstruction upon a platform at Hutto station. The proof shows that appellee and his family, who had been picking cotton about 2½ miles from Hutto station, went to that station at about 11 o'clock at night for the purpose of becoming passengers and returning to their home in Austin, Tex., upon a train on the railroad operated by appellant, which train was due to pass Hutto about 5:30 a. m. The station was not lighted, the night was dark, and, after unloading his baggage upon the platform, where baggage was frequently placed for shipment, appellee started to follow his family into the station house, when he stumbled or tripped over a gangplank or running board then lying upon the platform, and.

as a result of his fall the testimony tends to show he sustained certain physical injuries.

[1] As the appellee went to the railroad station and sustained the injuries complained of at least six hours before the train was due upon which he expected to become a passenger, counsel for appellant contend that appellant owed him no duty other than to abstain from willfully, intentionally, or maliciously inflicting injury upon him; and, as it was not alleged or proven that any such injury had been inflicted, appellant was not liable, and the trial court should have granted his request to so instruct the jury. The law is that any one who intends in good faith to become a passenger upon a railroad train has the right to go to the station within a reasonable time before the train is expected to depart, and during such time he has the right to do whatever may be necessary or proper to facilitate the loading of his baggage upon the train; and, while so at the station and so engaged, the owner or receiver of the railroad owes a duty to such person to exercise ordinary care for his safety; and the failure to exercise such care constitutes actionable negligence, unless the right to recover is defeated by contributory negligence on the part of the person injured.

[2] The proof clearly shows that appellee unloaded his baggage at a place where it was proper to so do by persons intending to become passengers; and, therefore, if he did so within a time reasonable, with reference to the anticipated departure of the train upon which he expected to become a passenger, then it was appellant's duty to exercise reasonable or ordinary care to prevent injury to appellee. Thus it will be seen that, in order to sustain appellant's contention to hold that the trial court should have peremptorily instructed a verdict, and to reverse and render judgment for him, it would be necessary for this court to hold, as a matter of law, that appellee went to the station and sustained his injuries at an unreasonable time before the train was due. In other words, it would be necessary to hold, as a matter of law, that the employés in control of the station were not required to anticipate that passengers might bring baggage to the station at 11 o'clock at night and between six and seven hours before the arrival of the train. We are not prepared to accept appellant's contention to the effect that the question referred to was one of law. On the contrary, we hold that the question of reasonableness of time was and is a question of fact to be decided by the jury.

However, we sustain appellant's thirteenth and fourteenth assignments of error, and re-

verse the case because of the action of the trial court in refusing to give an instruction which appellant had the right to, and did, request, relating to the question of reasonable time. At the request of appellee the court instructed the jury as follows:

"You are charged that when a person goes to a railway station for the purpose of leaving baggage to be transported on a train on which such person intends in good faith to become a passenger, and such person intends in good faith to engage the company operating such station and train to transport such baggage on such train, and such going to such station is not unreasonably in advance of the time at which such train is due to depart, then such person is considered at law as having an invitation from such company to go upon its premises, and such company is required to exercise such care as a reasonably prudent person would exercise to keep the platforms in connection with such station to which the public do or would naturally resort for the purpose aforesaid, free of any and all obstructions calculated to cause injury to such persons, which such persons might not, in the exercise of ordinary care, discover and avoid."

[3] The thirteenth and fourteenth assignments of error complain of the action of the court in refusing to give requested instructions Nos. 4 and 6, which would have submitted to the jury the converse of the propositions submitted in the special charge requested by appellee and quoted above. The theory of the case presented by the refused instructions was not embraced in the court's charge, or in any requested instruction that was given, and therefore the court erred in not giving at least one of the refused instructions. Railway Co. v. McGlamory, 89 Tex. 635, 35 S. W. 1058; Railway Co. v. Mangham, 95 Tex. 413, 67 S. W. 765.

[4] Appellant also complains because the court gave no charge advising the jury as to the measure of damages; but as that objection was not made until after the case was tried and verdict returned, and as appellant requested no charge upon that subject, we hold that he is not entitled to have the case reversed upon that ground.

[5] We also note that the sixth paragraph of the court's charge is subject to the criticism that it assumes that the appellant was guilty of negligence charged against him, and that appellee was entitled to recover, provided he was not guilty of contributory negligence. But as that objection was not urged at the time of the trial, it was waived, and constitutes no ground for reversal, and is here referred to for the sole purpose of preventing its recurrence upon another trial.

For the reasons heretofore stated, the judgment of the trial court is reversed, and the cause remanded.

Reversed and remanded.