LARCENY ⊙⟝40(10, 11) — INDICTMENT — VARIANCE—OWNERSHIP AND POSSESSION.

There is fatal variance between a larceny indictment alleging that stolen cotton was owned and in possession of a landlord and proof that tenant had possession and control of cotton under agreement that one-half net proceeds from its sale belonged to landlord as rental.

Appeal from Guadalupe County Court; J. B. Williams, Judge.

Paul Bergfeld, Frank Campbell, and Matt Campbell were convicted of theft, and they appeal. Reversed and remanded.

P. E. Campbell, of Seguin, for appellants. E. A. Berry, Asst. Atty. Gen., for the State.

MORROW, J. Paul Bergfeld, Frank Campbell, and Matt Campbell appeal from a conviction of theft.

One Adolph German owned a farm upon which one Mendoza lived and made a crop of cotton. Mendoza rented the farm and made a crop under an agreement to give German one-half of it for the use of the land. The contract was not in writing, but was "like all ordinary rent contracts." It was contemplated that Mendoza should rent the land, plant, cultivate, and gather the cotton, and haul it to the gin, and when sold the proceeds were to be divided. There was testimony that either of the parties had the right to sell the cotton after it was hauled to market. Mendoza gathered about 1,100 pounds of seed cotton and placed it in a pile in the field which he rented from German. The point at which the cotton was located was about 800 yards from German's residence. Mendoza, about 11 o'clock at night, caused the cotton which was in the pile to be packed into sacks preparatory to hauling it to the gin on the following morning. He left it in the field, and on his return early in the morning three of the sacks were missing. The missing sacks were estimated to contain 400 pounds.

In the indictment Adolph German is named as the owner and the allegation made that the cotton was taken from his possession. It is claimed that there was a variance, a failure to prove the ownership as alleged. The cotton was not upon the premises under the control of German; it was not in his possession. It was on the premises that he had rented to Mendoza. It had been gathered by Mendoza, sacked by him, he was preparing to haul it to the gin, it was in fact, and under the agreement between them, under his care, management, and control, and whether he was the owner of it and German's right was that of a lienholder for his rent, or whether they were owners in common, for the purpose of this prosecution, is not material. See Tignor v. Toney, 13 Tex. Civ. App. 518, 35 S. W. 881, Sparks v. Ponder, 42 Tex. Civ. App. 431, 94 S. W. 428, Rogers v. Frazier (Civ. App.) 108 S. W. 727, and Texas Produce Co. v. Sorrell (Civ. App.) 168 S. W. 76, for discussion of the relative rights of landlord and tenant under similar contracts. There is a variance between the allegation and the proof in that ownership and possession were alleged in German and the proof showed it in another. This character of variance has uniformly been held material. Hall v. State, 22 Tex. App. 632, 3 S. W. 338; White v. State, 33 Tex. Cr. R. 94, 25 S. W. 290; Williams v. State, 42 Tex. Cr. R. 18, 57 S. W. 93.

The evidence is wholly circumstantial and quite inconclusive. Inasmuch as the judgment must be reversed because of the variance, and evidence upon another trial may present a different aspect, we refrain from discussing it in detail.

The judgment is reversed, and the cause remanded.

---

BAKER v. WILLIAMS. (No. 6208.)

(Court of Civil Appeals of Texas. San Antonio. June 14, 1919. Rehearing Denied July 5, 1919.)

1. APPEAL AND ERROR ⊙⟝301—VERDICT NOT SUPPORTED BY EVIDENCE—TIME FOR OBJECTION.

An assignment of error that the verdict is contrary to a great preponderance of the evidence, filed after the motion for new trial was overruled, cannot be considered, since it could have been presented in the motion for new trial.

2. APPEAL AND ERROR ⊙⟝1097(1)—FORMER DECISION—LAW OF CASE.

The decision upon a former appeal was the law of the case; and, the trial court having followed the instructions of the appellate court in instructing the jury, it will decline to reconsider such questions upon a subsequent appeal.

3. DAMAGES ⊙⟝131(2)—EXCESSIVE DAMAGES—SPRAINED ANKLE.

An allowance of $500 for bodily pain and anguish resulting from a sprained ankle held excessive to the extent of $250.

Appeal from Travis County Court; D. J. Pickle, Judge.

---

⊙⟝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action by Harrison Williams against James A. Baker, as receiver of the International & Great Northern Railway Company for personal injuries. Judgment for plaintiff, and defendant appeals. Reversed and remanded, unless remittitur be entered, in which case judgment will be affirmed.

Fisher & Fisher and Robert Thompson, all of Austin (John M. King, of Palestine, of counsel), for appellant.

Pedigo & Hawkins, of Austin, for appellee.

MOURSUND, J. We adopt appellant's statement, as follows:

"This is the second appeal of this case, the first appeal being reported in 198 S. W. 808. Appellee originally sought to recover of appellant, as receiver of the International & Great Northern Railway Company, the sum of $543.50 because of personal injuries alleged to have been inflicted upon him on the night of October 15, 1915, at the station of Hutto, Tex., through appellant's negligence. Upon appeal from a judgment against appellant for $250, such judgment was reversed, and the cause remanded for new trial, whereupon appellee filed his second amended petition, which is substantially identical with his original trial pleading, except that his allegations of damages were increased to the sum of $793.50. Appellant, also by amended pleading, answered with general and special demurrers, general denial, and special pleas that appellee, when he claims to have sustained his injuries, was at most but a mere licensee or volunteer, he having gone upon appellant's premises at Hutto at an unreasonable and untimely hour, and also, in the alternative, that he was guilty of both independent and contributory negligence. Trial before court and jury the second time terminated on May 7, 1918, in a verdict against appellant for the sum of $543.50, with legal interest thereon from that date, together with costs of suit, in accordance with which verdict judgment was duly entered."

[1] Twenty-nine assignments of error are presented. It appears, however, that the 29th, wherein complaint is made that the verdict is contrary to the great preponderance of the evidence, was filed long after the motion for new trial was overruled, which is the basis for the other assignments of error. We do not understand that an assignment thus filed can be considered unless it relates to something which took place at such a time as to make it impossible to present it in the motion for new trial.

[2] In the main, the contentions are the same as were made upon the former appeal. It is contended that the evidence differs in material respects, but we are unable to agree with such contention. It is, in substance, the same as on the former trial. The Third Court of Civil Appeals held upon the former appeal that it was sufficient to support a judgment. The two special charges given at plaintiff's request were in effect approved upon that appeal, as the assignments attacking same were not sustained. Upon this appeal the court in his charge gave a correct instruction on the theory of the case which was held by that court should have been submitted. The decision upon the former appeal was the law of the case; and, the trial court having followed the instructions of the appellate court, we decline to enter into a reconsideration of the questions then presented and decided. Moore v. Chamberlain, 152 S. W. 195.

There is no merit in assignments 26 and 27, wherein complaint is made of admission of certain evidence and of argument of counsel.

[3] By the twenty-eighth assignment complaint is made that the verdict is excessive. The jury allowed the sum of $500 for bodily pain and anguish resulting from the sprain of the ankle. We conclude that this sum is excessive to the extent of $250. The judgment will be reversed, and the cause remanded, unless within 15 days a remittitur be entered of $250. If such remittitur is entered, the judgment will be affirmed for the remainder.