## WICHITA VALLEY RY. CO. v. WILLIAMS et al. (No. 433.)

Court of Civil Appeals of Texas. Eastland.
April 13, 1928.

Rehearing Denied May 18, 1928.

On the Merits.

**1. Trial ⬅═203(3)—When case is submitted on general charge, court must, on request, submit issue both affirmatively and negatively.**

When a case is submitted to a jury on a general charge, it is the duty of the court, on request, to submit an issue both affirmatively and negatively.

**2. Trial ⬅═355(1)—Under practice pursuant to provision for submission of all issues made by pleadings and evidence when case is submitted on special issues, jury must determine facts without reference to consequences of answers (Rev. St. 1925, art. 2190).**

Under practice, pursuant to Rev. St. 1925, art. 2190, providing for the submission of all issues made by the pleadings and evidence when a case is submitted on special issues, it is the duty of the jury to determine facts without reference to the consequences of the answers to the special issues.

**3. Trial ⬅═352(1)—Both affirmative and negative submission held not required, where case is submitted on special issues (Rev. St. 1925, art. 2190).**

Where a case is submitted to the jury on special issues, pursuant to Rev. St. 1925, art. 2190, the court is not required to submit such issues both affirmatively and negatively.

**4. Negligence ⬅═56(1)—There can be more than one proximate cause of an injury.**

There can be more than one proximate cause of an injury.

5. Appeal and error ☞215(1)—Error could not be predicated on law question raised in brief where not presented in objection to charge.

Error could not be predicated on a question of law raised in a proposition in appellant's brief, where such question was not presented to the trial court in objection to charge.

6. Appeal and error ☞1062(1)—Trial ☞352 (5)—Submitting issue involving backing train and injured plaintiff's being knocked off held error, as submitting more than one disputed issue, but not reversible where judgment found support on another ground (Rev. St. 1925, arts. 2189, 2190).

In personal injury action, submitting issue involving questions of defendant's backing train and of plaintiff's being knocked off and injured *held* error, under Rev. St. 1925, arts. 2189, 2190, as submitting more than one disputed issue of fact, but not reversible where judgment found support on another ground of negligence.

7. Damages ☞100—That injured plaintiff was temporarily engaged in teaching did not affect right to plead facts showing preparation for medical profession.

In personal injury action, where objection was made to plaintiff's pleading that he had planned to study medicine, but would be precluded therefrom because of injury, fact that plaintiff was temporarily engaged in teaching *held* not to affect his right to plead the preparation which he was making for a permanent profession.

8. Damages ☞100—There is no rule making one's particular calling when injured the standard of damages.

There is no rule making the particular calling in which a person is engaged at the time of personal injury the standard of his damages.

9. Appeal and error ☞742(5)—Appellant's proposition in brief that charge did not confine jury to injuries alleged and proved pointed out no error, where instruction following charge objected to so confined jury.

Appellant's proposition in his brief that the charge objected to did not confine jury to personal injuries to plaintiff that were alleged and proved or to injuries proximately resulting from alleged negligence *held* to point out no error, where the instruction of the court following such charge objected to did so confine the jury.

10. Damages ☞132(8)—$10,000 damages for boy's loss of arm below elbow and painful injuries, requiring him to give up plan to study medicine, held not excessive.

$10,000 damages for 20 year old boy's loss of arm below elbow and other injuries causing great suffering, requiring him to give up plan to study medicine, *held* not excessive.

On Rehearing.

11. Trial ☞352(5)—Question whether carrier owed duty to injured passenger to stop train at place and time inquired about in issue held not assumed in issue submitted.

In passenger's personal injury action against railroad company, question of whether

the company owed any duty to plaintiff to stop its train at the place and for the time inquired about in issue *held* not assumed in submitted issue putting question of whether employees in charge of train failed to stop train at switch in controversy a reasonably sufficient length of time within which to permit plaintiff, by exercising reasonable diligence and dispatch, to alight from train before train was again put in motion.

12. Appeal and error ☞1062(1)—Where concurring acts of negligence were proximate cause of injury, recovery could be had on one, though other was improperly submitted.

Where two concurring acts of negligence were the proximate cause of an injury to railroad passenger in alighting from train, recovery could be had because of one such act of negligence, though the other was improperly submitted.

Appeal from District Court, Taylor County; M. S. Long, Judge.

Action by Arthur V. Williams, by next friend, and others, against the Wichita Valley Railway Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Thompson & Barwise and F. B. Walker, all of Fort Worth, and Kirby, King & Overshiner, of Abilene, for appellant.

W. J. Cunningham and Cox & Hayden, all of Abilene, for appellees.

HICKMAN, C. J. A statement of the nature of this case may be found in the opinion of this court upon a former appeal in 3 S. W. (2d) 141, and in an opinion by the Commission of Appeals in answer to certified questions in 116 Tex. 253, 288 S. W. 425. The appellees are Arthur V. Williams and his parents, but where the word "appellee" is used in this opinion it will refer to Arthur V. Williams only. After the case was remanded in accordance with the opinion of this court, appellee amended his petition, alleging that he had reached the age of 21 years, and suing in his own name instead of by next friend. The trial was again before a jury upon special issues, and upon the verdict of the jury judgment was rendered in favor of the appellee for $10,000 and in favor of his parents for $471.75.

The first question presented for decision involves the duty of a trial judge, upon request, when a case is submitted to the jury on special issues, to submit an issue of fact, both affirmatively and negatively. It arises in this case in this manner: One of the grounds of negligence pleaded was that appellant failed to stop its train for a sufficient length of time to permit appellee to safely alight therefrom. This ground of negligence was submitted to the jury as follows:

"Did defendant's employees who were in charge of the train in question fail to stop said train at the switch in controversy a reasonably

sufficient length of time within which to permit plaintiff Arthur V. Williams by exercising reasonable diligence and dispatch to alight from said train before said train was again put in motion? Answer 'Yes' or 'No.' "

Appellant requested the court to submit the following special issue:

"Did defendant's employees stop the train in controversy in this case a reasonably sufficient length of time to enable a passenger in the exercise of ordinary care to alight at the switch before the train was again put in motion? Answer 'Yes or 'No.' "

[1] The only difference between the issue given and the one requested lies in the fact that in the former the question submitted was whether the employees *failed to stop* the train, and in the latter the question was whether they *stopped* the train. When a case is submitted to a jury on a general charge, it is the duty of the court, when requested, to submit an issue both affirmatively and negatively. Northern Texas Traction Co. v. Moberly (Tex. Civ. App.) 109 S. W. 483; Gammage v. Gamer Co. (Tex. Com. App.) 213 S. W. 930; Texas Trunk R. Co. v. Ayres, 83 Tex. 268, 18 S. W. 684; Baker v. Williams (Tex. Civ. App.) 198 S. W. 808.

The contention is made that under the decisions of our Supreme Court in Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517, and Colorado & Southern Ry. Co. v. Rowe, 238 S. W. 908, the same rule of law is applicable to a case submitted on special issues as where submitted on a general charge. We do not think the question here presented was before the court in either the Fox Case or the Rowe Case. The question of law there decided was that each party has a rght to have all fact issues raised by the pleadings and evidence submitted to and determined by the jury. Those cases dealt only with the duty of a court to charge on such defenses as contributory negligence, unavoidable accident, etc., and do not announce the rule, as we understand them, that appellant is contending for in this case. Neither of these decisions holds that when a case is submitted upon special issues the court shall, if requested, submit each issue of fact twice. In the instant case the question submitted was, "Did the defendant fail to stop?" and the question requested was, "Did the defendant stop?" We are called upon to hold that it was error not to submit both of these issues. Had this case been submitted on a general charge, the reason for both an affirmative and a negative submission of this issue is readily apparent. Under a general charge the jury would have been instructed that, if they believed appellant failed to stop the train, then they should find for appellee, thus placing upon the jury the power and duty of applying the consequences of their findings of fact. Clearly, if requested, they should have also been instructed to apply

6 S.W.(2d)—28½

the consequences differently, if they found contrary facts.

[2, 3] Article 2190, R. S. 1925, provides for the submission of all issues made by the pleadings and evidence when a case is submitted upon special issues. Under such practice, it is the duty of the jury to determine the facts without reference to the consequences of the answers to the special issues. Whatever may have been the practical effect of the enactment of the law relative to the submission of special issues, one of its purposes was evidently to simplify the method of charging the jury, and thereby lessen the probability of errors in the charge of the court. This purpose would be subverted rather than served by requiring a dual submission of every fact issue. To our minds there is no more reason why the above issue should have been submitted twice than that the question of whether such negligence was the proximate cause of the injury should have been submitted twice. It would certainly not be contended that the court should have submitted the issue, "Was such negligence the proximate cause of the injury?" and then, "Was such negligence not the proximate cause of the injury?" We do not believe the statute cited is susceptible of the construction contended for, or that the authorities announce such a doctrine, and this contention is overruled.

[4] It is contended that, under the undisputed evidence the failure of appellant's employees to stop the train a reasonably sufficient length of time within which to permit appellee, by exercising reasonable diligence and dispatch, to alight therefrom before same was again put in motion, was not the proximate cause of appellee's injuries, and that it was error to submit such issue to the jury. The argument in support of this contention is based upon an admission made by appellee in this language:

"I will only state it was violent enough to knock my feet out and it did. It is true that, except for the manner and way that train came back on that night, I would not have fallen. That is true. In other words, had it come back gently, or in the ordinary manner, in so far as I know, I would not have fallen. In other words, if it had come back gently or in the ordinary manner, I would not have fallen. My best judgment is, if it had come back slowly as usual, as far as I know, as usual, that I would not have fallen."

Appellant says that, since the violent manner in which the train was moved knocked appellee to the ground, and that, since he would not have fallen had the train come back slowly, it follows that the failure to stop the train a reasonably sufficient length of time to enable him to alight therefrom could not have caused the injuries. An analysis of this contention discloses that it is based upon the erroneous conclusion that there can be but one proximate cause of an injury. Had the train not been put in motion at all until after ap-

pellee had alighted therefrom and was on the ground, he would not have been injured, regardless of how violent may have been the movement of the train. This contention is overruled.

[5] The third special issue submitted to the jury was as follows:

"Did the conductor of defendant's train on which plaintiff Arthur V. Williams was a passenger, if he was a passenger on November 1, 1924, consent for said plaintiff to be discharged from said train at the switch on Rose street described in plaintiff's petition? Answer 'Yes' or 'No.'"

Appellant excepted to said question on the ground that it gave undue prominence to plaintiff's theory of the case, and caused the jury to believe that the conductor on the train agreed with plaintiff that he might be discharged at the switch, and was on the weight of the evidence, in that it assumed that such agreement was made. The proposition brought forward in appellant's brief is as follows:

"The charge should not assume a disputed question of fact, and question No. 3 of the court's main charge assumed that plaintiff made a request of the conductor in charge of the train that he be discharged from the train at Rose street switch."

We do not think the question of law raised in the proposition was presented to the trial court in the objection to the charge. We are further of the opinion that, even if the objection had raised the question of law briefed, it would have presented no error.

[6] The seventh special issue submitted to the jury was as follows:

"Did the defendant's employees who were in charge of the train in question cause said train to be backed up suddenly and violently just as plaintiff Arthur V. Williams had reached or was about to reach the top step of the coach from which he was alighting, if he had, and thereby knock said plaintiff off of said steps to the ground, if he was knocked off? Answer 'Yes' or 'No.'"

One of the objections lodged to this question was that it submitted more than one disputed issue of fact. This assignment is sustained. There were at least two disputed issues of fact submitted in this one issue. This method of submitting issues does not comply with the provisions of articles 2189 and 2190, R. S. 1925. The authorities on this question were carefully studied by this court and cited in the case of Estep v. Bratton, 298 S. W. 145 (error refused). Upon the authority of that decision, and the cases there cited, this assignment is sustained.

The case, however, should not be reversed on this account. There were two separate and distinct grounds of negligence relied on by appellee and submitted to the jury. One of these grounds of negligence was improperly presented, but the other ground, viz. the failure of the appellant to stop the train a reasonably sufficient length of time within which to permit appellee, by exercising reasonable diligence and dispatch, to alight therefrom before same was again put in motion, was found by the jury to be negligence, and the proximate cause of appellee's injuries. Since the judgment finds support on one ground of negligence, the error of the court in improperly submitting another ground of negligence alleged was harmless. Thornton v. Moody (Tex. Civ. App.) 24 S. W. 331 (error refused); Northwestern Nat. Life Ins. Co. v. Blasingame et al., 38 Tex. Civ. App. 402, 85 S. W. 819 (error refused); Ward et ux. v. Cathey (Tex. Civ. App.) 210 S. W. 289 (error refused); Yoes v. T. & P. Ry. Co. (Tex. Civ. App.) 211 S. W. 311; Eastern Texas Elec. Co. v. Hunsucker (Tex. Civ. App.) 230 S. W. 819.

[7] Appellant complains of the action of the trial court in overruling a special exception to appellee's petition. The portion of the petition excepted to was:

"That he was also a student of medicine, having matriculated in a medical schiol with the purpose of making the practice of medicine and surgery his life work; that by virtue of his injuries he has been compelled to abandon said purpose and devote his life to less lucrative pursuits."

The special exception was:

"Defendant specially excepts to that part of paragraph 8 of the plaintiffs' second amended original petition where it is alleged that plaintiff is a student of medicine—that is, wherein it is alleged that said Arthur V. Williams is a student of medicine—for the reason that it is immaterial if he is a student of medicine, and, furthermore, he is not entitled to recover any damages for any alleged failure to be able to study medicine in the future because the same would be speculative and too remote as an element of damage."

[8] The question presented is one of pleading only and does not raise any question regarding the evidence offered in support of the pleading. The contention of appellant seems to be based upon the theory that the study and practice of medicine represented a change in appellee's profession; that he had, by his own acts, chosen the profession of teaching; and that it would be speculative and problematical as to whether appellee could earn more money as a physician and surgeon than he was earning as teacher. The contention is overruled. There is no rule making the particular calling in which a person is engaged at the time of his injury the standard of his damages. M., K. & T. Ry. Co. v. St. Clair, 21 Tex. Civ. App. 345, 51 S. W. 666; Ry. Co. v. Long, 26 Tex. Civ. App. 601, 65 S. W. 882; Dallas Consolidated Elec. Ry. Co. v. Hardy (Tex. Civ. App.) 86 S. W. 1053; San Antonio Traction Co. v. Crisp (Tex. Civ. App.) 162 S. W. 422; Scally v. W. T. Garratt & Co., 11 Cal. App. 138, 104 P. 325.

The appellee, according to this allegation,

had already matriculated as a student of medicine in a medical college. The pleading discloses the laudable ambition to become a surgeon. The fact that the loss of one of his arms will forever prevent him from realizing the ambition for which he felt that he possessed talent is a matter of great importance, and the fact that he was temporarily engaged in teaching does not affect his right to plead the facts showing the preparation which he was making for a permanent profession.

[9] The tenth proposition is as follows:

"A special issue reading, 'What amount of money, if paid now in cash, would reasonably compensate Arthur V. Williams for the physical damages, if any, suffered by him?' is erroneous, being confusing and uncertain in not confining the jury to the injuries alleged and proved or to the injuries proximately resulting from the alleged negligence."

The objection lodged by appellant to the court's charge in submitting the issue embodied in the above proposition does not raise the question presented in the proposition. The objection to the submission of the issue was because it referred to what appellee had alleged and proved, and the complaint was there made that the court should not refer the jury to the pleadings. That question of law is a very different one to the one suggested in the proposition. Besides this, the proposition points out no error, because the instructions of the court following the charge did confine the jury to injuries alleged and proved.

[10] It is urged that the judgment is excessive. The evidence shows that appellee was 20 years of age at the time of his injury, earning at that time $125 per month as a teacher in the Abilene high school. He was a graduate of Simmons College, was self-sustaining, and was teaching only for the purpose of obtaining money to prepare himself for the practice of medicine and surgery. His injuries consisted in the loss of an arm just below the elbow. Other injuries alleged and proved caused him great pain and suffering. He was awarded $10,000 damages. To our minds the award was not excessive.

All propositions not discussed have been carefully considered and are overruled.

The judgment of the trial court will be affirmed.

On Rehearing.

[11] In its motion for rehearing appellant insists that in the submission of special issue No. 4 to the jury the trial court assumed a duty on the part of appellant and its employees to stop the train at Rose street switch a reasonably sufficient length of time to enable the appellee to alight. Question No. 4 is as follows:

"Did the defendant's employees who were in charge of the train in question fail to stop said train at the switch in controversy a reasonably sufficient length of time within which to permit plaintiff Arthur V. Williams, by exercising reasonable diligence and dispatch, to alight from said train before said train was again put in motion? Answer 'Yes' or 'No.'"

We have carefully considered appellant's argument on this question, but are unable to concur therein. The question of whether appellant owed any duty to appellee to stop its train at the place and for the time inquired about in that issue was not, to our minds, assumed in the issue submitted. That duty arose, if at all, as a matter of law on account of the findings of fact made by the jury on other issues submitted, and we are unable to understand how the form and manner of submitting issue No. 4, above copied, could have in any manner influenced the jury in its answers to the other issues submitted.

[12] It is also argued at length and with much vigor that, appellee having admitted that his injuries were occasioned by the manner and way in which the train came back, and having admitted that he would not have been injured, except for the negligence of the operatives in backing the train in the manner and way that they did, and having admitted that, had the train come back in the usual and ordinary manner with which he was familiar, the question relating to the failure of the employees to stop the train a reasonably sufficient length of time is not in the case, for the reason that such failure could not have been the proximate cause of appellee's injuries. The effect of appellee's testimony is that, notwithstanding the fact that the train was put in motion before he had had time to alight therefrom, still he would not have been injured had the train been moved slowly and in the usual and ordinary manner, because he would have been able to alight from such moving train without injury to himself; in other words, appellee's testimony makes out a case of two concurring acts of negligence. Failure to stop the train long enough is but another way of stating that it was started too soon. Injury could not result from the failure to start, but from the positive act of starting. This evidence makes a case of negligence in starting the train too soon, as well as negligence in the manner in which same was started. These two negligent acts concurred to cause appellee's injuries. The latter ground of negligence was improperly submitted. We believe the former was properly submitted, and will support the judgment upon the theory that, where two concurring acts of negligence are the proximate cause of an injury, recovery may be had upon either.

The motion for rehearing has been carefully considered; but we believe that the judgment of the trial court should be affirmed, and the motion is therefore overruled.